THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN O'CONNELL, Appellant.

*Unlicensed plumbers — the chief engineer of a hotel is not an employing or master plumber — Laws of* 1892, *chap.* 602; 1893, *chap.* 66, §§ 1, 5, 13.

Upon the trial of an indictment for a violation of the act which creates an examining board of plumbers, and compels any person desiring or intending to conduct the trade, business or calling of a plumber or of plumbing, in any of the cities of this State, as employing or master plumber, to submit to an examination by the examining board of plumbers, and makes it unlawful for him to conduct such trade, business or calling without a certificate from the board as to his competency, it appeared that the defendant was the chief engineer of the Fifth Avenue Hotel, in New York city; that he was in the habit of hiring plumbers and steamfitters to assist him in performing work which he could not do alone; that he hired certain plumbers to make repairs about the hotel; that he was in control and directed the work, and that he and the plumbers were paid by the proprietors of the hotel. It was admitted that he had not obtained from the examining board a certificate as to his competency.

*Held,* that he was not pursuing the trade of a plumber, his employment being that of chief engineer of the hotel; and that this was so although it was a part of his duty to do such jobs of plumbing as might arise in the building, and, if necessary, to employ others to assist him in the work;

That, assuming that he was engaged in the trade of a plumber, he was not so engaged as an employing plumber, because he did not pay the men; nor as a master plumber, because the supervision contemplated by the statute in the case of a master plumber was not called for by the character of the work actually done;

That his supervision was like that of a fellow workman, clothed temporarily by the common master with a power to direct in regard to ordinary repairs;

That he should not have been convicted.

APPEAL by the defendant, John O'Connell, from a judgment of the Court of General Sessions of the Peace in and for the city and county of New York, rendered on the 27th day of November, 1894, affirming a judgment of the Court of Special Sessions, convicting the defendant of the misdemeanor of practicing plumbing as an employing or master plumber, without having a certificate of competency, and imposing upon him a fine of twenty-five dollars.

*William J. Fanning,* for the appellant.

*John R. Fellows* and *John D. Lindsay,* for the respondent.

BARRETT, J.:

The defendant was convicted of violating the provisions of chapter 602 of the Laws of 1892, as amended by chapter 66 of the Laws of 1893. Section 1 provides for the formation in each city of the State of a board to be known in this county as "the examining board of plumbers," and specifies how it shall be composed. Section 5 compels "any person desiring or intending to conduct the trade, business or calling of a plumber or of plumbing in any of the cities of this State as employing or master plumber" to submit to an examination by the board, and makes it unlawful for him to conduct such trade, business or calling without a certificate of the board as to his competency. Any violation of the provisions of the act is made a misdemeanor (§ 13). This act has been declared constitutional (*People ex rel. Nechamcus* v. *The Warden of the City Prison,* 144 N. Y. 529), and the only question for us to consider is whether the defendant has violated it.

The facts are simple and undisputed. Defendant is, and long has been, chief engineer of the Fifth Avenue Hotel, and receives a fixed salary as such. Among his other duties is that of hiring

plumbers and steamfitters to assist him in performing work which he is unable to do by himself. Between June 1 and 19, 1894, defendant hired some five or six journeymen plumbers to make repairs on the hotel property. He was in control and directed the work, but, on the other hand, the men, as well as himself, were paid by the hotel. It is admitted that he had not obtained the certificate required by section 5 of the act. Is this, within the meaning of that section, conducting the business of " a plumber or of plumbing * * * as employing or master plumber ? "

The plain reading of the statute shows that the defendant did not come within its terms. It applies to one who, *first*, pursues the trade of a plumber; and, *second*, is engaged in such trade as an employing or master plumber. Defendant was not engaged in the trade of a plumber. That was not his business, trade or calling. He was the engineer of a building, and although it was part of his duty to do such jobs of plumbing as might arise in that building, and, if necessary, to hire others to assist him in the work, yet this did not change his real calling, or make it that of a plumber. It is a plain misuse of terms to say that, because of this incident to his real calling, he was engaged in the " trade, business or calling of a plumber or of plumbing."

Still less was he so engaged as an employing or master plumber, not certainly as an employing plumber, in view of the fact that the journeymen were employed and paid by the defendant's own employer. But he was not even engaged as a " master plumber " for the reason that the supervision contemplated by the statute was not called for by the character of the work actually done. In a broad general sense there was undoubtedly selection and supervision, but such supervision was not that of a master plumber. It was, in substance, the supervision of a fellow journeyman, clothed temporarily by the common master with the power of direction with regard to ordinary repairs. It was quite as though the proprietor of the hotel had himself directed the journeymen what to do, and had looked after them to see that they did it. Such an employment is clearly not within the mischiefs which the act aimed to correct. The act was intended to protect the public against people who jeopardized its health, by ignorantly pursuing a calling which called for expert knowledge. It was certainly not intended to prevent a householder

or a householder's servant from sending for and employing a jour-neyman plumber to stop a leak until such householder or servant had passed a civil service examination.

The judgment of conviction should be reversed.

VAN BRUNT, P. J., WILLIAMS, PATTERSON and O'BRIEN, JJ., concurred.

Judgment reversed.