Paul N. Tavelli, Esq. City Attorney, Ithaca
You have asked whether persons desiring to do plumbing work in structures they own must obtain a certificate of competency from the examining board of plumbers of a city. Second, you inquire whether the examining board of plumbers has the exclusive right to establish minimum skill and experience requirements for the issuance of certificates of competency.
In a previous opinion of this office (Informal Opinion No. 81-127, copy enclosed) the question was whether a homeowner doing plumbing work in his home must be certified by the examining board of plumbers. We examined the language of section 45 of the General City Law, which prohibits a person from conducting "the trade, business or calling of plumber or of plumbing in a city of this state as employing or master plumber" unless the person has obtained a certificate of competency from the examining board of plumbers of the City. The words "employing or master plumber" mean a person having a regular place of business and who, by himself or journeymen plumbers in his employ, performs plumbing work (General City Law, § 40). We said that since homeowners doing plumbing work in their homes are not engaged in the trade of plumbing and are not "employing" or "master plumbers", they need not be certified by the examining board of plumbers. We believe that the same reasoning applies to the performance of plumbing work by landlords in structures they own. The landlord is not engaged in the trade of plumbing, but is simply performing plumbing work on his own property (People v O'Connell, 1 App. Div. 110 [1st Dept, 1896]).
Regarding your second question, under section 44(2) of the General City Law, examining boards of plumbers are empowered:
 "To have jurisdiction over and to examine all persons desiring or intending to engage in the trade, business or calling of plumbing as employing plumbers in the city in which such board shall be appointed with the power of examining persons applying for certificates of competency as such employing or master plumbers or as inspectors of plumbing, to determine their fitness and qualifications for conducting the business of master plumbers or to act as inspector of plumbing, and to issue certificates of competency to all such persons who shall have passed a satisfactory examination before such board and shall be by it determined to be qualified for conducting the business as employing or master plumbers or competent to act as inspectors of plumbing."
In construing section 44(2), the Appellate Division concluded that it was the apparent purpose of the Legislature by this legislation "to vest in the examining board of each city the exclusive authority to pass upon the qualifications of an applicant to carry out the work of master plumber in that city; and its certificate of competency is an essential prerequisite to registration" (People ex rel Lavier v Hessler, 152 App. Div. 839, 842
[4th Dept, 1912]). Nothing in the statute prescribes uniformity in the tests or examinations made by examining boards of plumbers, but instead each board is left with the responsibility for developing its own criteria for ascertaining the fitness of an applicant for certification (ibid.). We have previously concluded that under section 44(2), an examining board of plumbers may establish minimum experience requirements (1975 Op Atty Gen [Inf] 277).
We conclude that landlords and other property owners need not obtain a certificate of competency from the examining board of plumbers of a city as a condition to performing plumbing work in structures they own. The examining board of plumbers has jurisdiction to develop criteria for ascertaining the fitness of applicants for certificates of competency, which criteria may include minimum experience requirements.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.