DAVID BREGMAN, Appellant, v. HARRY WINKLER, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1923.

**Work, labor and services — " plumbing " defined — what is not plumbing work — pleading — evidence.**

The word " plumbing " means work in and about water supply, drainage and sewerage systems.

Work, labor and services performed under a contract to install a tank in connection with a hot water heater and extra work in installing the necessary valves and supplying a lead pipe leading to the tank is not " plumbing " within the common use of that term.

Upon the trial of an assigned claim for such work it appeared that the business of plaintiff's assignors was that of steam and gas fitting and hot water supply. Plaintiff's only witness, one of his assignors, testified that his business was " plumbing and steam-fitting " and that though he had been a plumber for fifteen years he was not a licensed plumber. *Held*, that as the work done was not plumbing and so not within the inhibition of the statutes relating to plumbers, a judgment in favor of defendant on the merits was not warranted and the same will be reversed and a new trial ordered.

The defendant not having pleaded that plaintiff's assignor was not a plumber, that fact should not have been considered by the trial court.

APPEAL by plaintiff from a judgment in favor of defendant, on the merits, in the Municipal Court of the city of New York, borough of The Bronx, second district, after a trial before the court without a jury.

*Harry Stackell* (*Harris J. Griston*, of counsel), for appellant.

*Max Greenwald*, for respondent.

LYDON, J. This action was brought by plaintiff, as assignee of Kemach & Rosen, upon an assigned claim for work, labor and services, to wit, installing a water tank in connection with a hot water heater in premises No. 200 West Fifty-seventh street in the borough of Manhattan, city of New York. The pleadings are oral. The indorsement on the summons states the agreed price and reasonable value as $725, less a credit of $400; balance due $325. The defense is a general denial. The plaintiff's only witness was one Abel Kemach, a member of the firm of Kemach & Rosen. Upon the trial the written contract was offered in evidence which called for certain work at the price of $475 to which, the plaintiff claims, should be added extra work as follows: Five additional valves, $85; covering all the pipes in basement with asbestos, $90; furnishing about eleven feet of three-inch galvanized pipe, $75;

making a total claim of $725. Plaintiff offered evidence of the work done under the contract and the extra work.

At the end of the plaintiff's case counsel moved to dismiss the complaint on the ground that plaintiff's assignors are plumbers and as they had not been registered or qualified to do plumbing work as required by the municipal ordinances, they cannot, therefore, maintain an action. The court made no decision on said motion and the defendant proceeded to offer testimony of his defense. No motion to dismiss was made at the end of the whole case, but later on the court handed down a written opinion giving judgment for defendant upon the ground that plaintiff's assignor was not a licensed plumber.

The plaintiff's witness Kemach testified that his business was " plumbing and steam-fitting ". and that he is not a licensed plumber, but that he had been a plumber for fifteen years. After careful consideration, I am of the opinion that the work performed was not plumbing, as the more common use of this term " *includes only the water supply and house drainage systems; leaving gas fitting and hot water fitting in two separate classes.*" Internat. Ency. Furthermore, there was no holding out by plaintiff's assignors to the public as a plumber, and their letter paper clearly indicates from the heading thereof that their business was that of " steam fitting, gas fitting and hot water supply." The fact that Kemach testified that he was a plumber should not militate against him in this particular case, because it is not admitted or shown by competent testimony that the work actually performed was plumbing work. The fact that plaintiff installed necessary valves and even supplied a new pipe leading to the tank does not make the plaintiff a plumber.

The word " plumbing " has been defined in a number of cases, all of which distinctly limit it to work in and about water supply, drainage and sewerage systems. *People* v. *Hessler,* 152 App. Div. 839; *People ex rel. Nechamcus* v. *Warden of City Prison,* 144 N. Y. 529; *Margolys & Co.* v. *Goldstein,* 96 N. Y. Supp. 185.

The fact that plaintiff's assignor was not a plumber was not affirmatively pleaded by defendant and, therefore, should not have been considered by the court. *Margolys & Co.* v. *Goldstein, supra.* The trial court sought to avoid this fact by citing the case of *Sprague* v. *Webb,* 168 App. Div. 292, but that case dealt with an illegal contract, while the same court in an earlier case (*Johnson* v. *Dahlgren,* 48 App. Div. 537) held " plumbing work done by an unlicensed plumber is not *malum in se* but *malum prohibitum* only." However, the court in its opinion gave judgment for the defendant on the specific ground that plaintiff's assignors were not licensed

plumbers and I think the judgment is not warranted on the evidence as the work done was not plumbing, and so not within the inhibition of the statute relating to licensed plumbers.

The judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and BURR, JJ., concur.

Judgment reversed.