(No. 20077.

JESSIE M. BANGHART *et al.* Appellants, *vs.* MICHAEL F. WALSH, Director of the Department of Registration and Education, Appellee.

*Opinion filed April 17, 1930.*

SAMUELL, J., took no part.

JAMES A. PETERSON, and WOODS, BISHOP & COHEN, (ROY S. GASKILL, of counsel,) for appellants.

OSCAR E. CARLSTROM, Attorney General, and GEORGE P. O'BRIEN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Sangamon county sustained a demurrer to an amended bill filed on November 4, 1929, by Jessie M. Banghart and Frances Kalina against Michael F. Walsh, director of the Department of Registration and Education, to enjoin the enforcement against them, and others similarly situated, of the act of 1909 to regulate the business of barbers, as subsequently amended, including the act of June 25, 1929. (Laws of 1929, p. 189.) The complainants electing to stand by their bill, it was dismissed for want of equity, and they appealed.

The bill, which was filed in behalf of all others similarly situated as well as the complainants, alleged that the complainants were citizens of the United States and residents of Illinois and had been engaged for a number of years as beauty-shop operators and beauty culturists and in cutting women's hair, incidental to their practice as beauty-shop operators and beauty culturists. The occupation of beauty-shop operator and beauty culturist is engaged in principally by women and is practiced upon the persons of women, and it has been customary for those engaged in it to do all the work incidental to the arrangement and dressing of women's hair, including cutting and trimming, as a

necessary part of that occupation. The occupation of barber is made up principally of men and is practiced upon the persons of men.

In 1909 the act to regulate the business of barbers was passed. (Laws of 1909, p. 98.) Its twelfth section was: "To shave or trim the beard or cut the hair of any person for hire by the person performing such service or any other person, shall be construed as practicing the occupation of barber within the meaning of this act." That section was amended in 1923 to read as follows: "To shave or trim the beard or cut the hair, to give facial and scalp massaging, facial and scalp treatments with oils and creams and other preparations made for this purpose, either by hand or by mechanical appliances, to singe and shampoo the hair or apply any person performing such service or any other person shall be construed as practicing the occupation of barber within the meaning of this act: *Provided, however,* that nothing contained in this act shall be construed to include so-called beauty shops or hairdressing parlors patronized by women, except as to the cutting of hair." (Laws of 1923, p. 165.) After this amendment the Department of Registration and Education issued to appellants and other beauty culturists, certificates or licenses which authorized them to cut and trim the hair of their patrons, and licenses were renewed from year to year.

In 1925 an act relating to the practice of beauty culture was passed. (Laws of 1925, p. 174.) Section 2 was as follows: "Any one or any combination of the following practices constitutes the practice of beauty culture when done for cosmetic or beautifying purposes and not for the treatment of disease or of muscular or nervous disorder. The application of cosmetic preparations to the human body by massaging, stroking, kneading, slapping, tapping, stimulating, manipulating, exercising, cleansing, beautifying, or by means of devices, apparatus or appliances; arranging, dressing, marcelling, curling, waving, cleansing, singeing,

bleaching, coloring, dyeing, tinting, or otherwise treating by any means the hair of any person. However, the provisions of this act shall not authorize any registered beauty culturist to cut or clip the hair of any person unless he has first obtained a certificate of registration as a barber under the provisions of 'An act to regulate the pursuit of the business, art and avocation of a barber, and to insure the better qualifications of persons following such business in the State of Illinois.' Approved June 10, 1909, as amended." The complainants qualified under this act, paid their fees and are now registered under it.

About June 1, 1929, the complainants applied to the department for a renewal of their licenses to cut and trim hair, but their applications were refused and they were advised that the department had ceased to issue such licenses in 1928, and it would be necessary for them and other beauty-shop operators and beauty culturists to cease cutting and trimming their patrons' hair until they had qualified as barbers under the Barbers act. This was the first notice the complainants received that the State would attempt to deprive them of a vital, necessary and important part of their business. The defendant, as director of the department, threatened to enforce the Barbers act against the complainants and others similarly situated, construing it as prohibiting them from cutting and trimming hair.

In 1929 the Barbers act was amended by a general revision, and section 12 became section 18, as follows: "'To shave or trim the beard or cut the hair, to give facial and scalp massaging, facial and scalp treatments with oils and creams and other preparations made for this purpose, either by hand or by mechanical appliances, to singe and shampoo the hair or apply any makes of hair tonics and to dye the hair of any person for hire by the person performing such service or any other person shall be construed as practicing the occupation of barber within the meaning of this act: *Provided, however,* that nothing contained in this act shall

be construed to include so-called beauty shops or hairdressing parlors patronized by women, except as to the cutting of hair." (Laws of 1929, p. 189.) Since the amendment of 1929 the defendant, as director of the department, has threatened, and does threaten, appellants and other beauty culturists with arrest and prosecution in the event they continue to cut and trim the hair of their patrons, even though such cutting and trimming are done as an incidental part of arranging or dressing the hair. The complainants are informed and believe that other beauty-shop operators and beauty culturists have been arrested and prosecuted by the defendant for cutting and trimming the hair of their patrons incidental to the work of their occupation of beauty culture.

The Barbers act as amended in 1929, it is alleged, denies the equal protection of the law, in violation of the fourteenth amendment of the constitution of the United States, and confers special privileges, immunities and franchises by special law, in violation of section 22 of article 4 of the constitution of the State; it deprives the complainants and other beauty-shop operators and beauty culturists of their liberty and property without due process of law, in violation of section 2 of article 2 of the constitution of the State and of the fourteenth amendment to the constitution of the United States; it is an illegal restriction upon the right of contract; it is ambiguous, uncertain and impossible of enforcement; it interferes with the conduct in Illinois of a legitimate occupation by citizens of other States, and is an unreasonable exercise of the State's police power.

The bill further alleges that there are more than 15,000 beauty culturists registered in the State under the Beauty Culture act of 1925, most of whom, as the complainants are informed and believe, have been cutting and trimming their patrons' hair as a necessary part of their occupation for many years. In the event of the enforcement of the Barbers act against them it is estimated that the average income loss would amount to as much as twenty-five per cent

of their gross business. Unless the director of the department is restrained from enforcing the Barbers act, and especially its section 18, against the complainants and other beauty-shop operators and beauty culturists, numerous suits must be instituted by them to avoid the payment of license fees and to prevent the Barbers act from being so applied as to make it unlawful for them to practice their occupation without compliance with its terms; that numerous prosecutions would be instituted against them and others in like situation, resulting in a vast multiplicity of suits, and the complainants are without remedy except in a court of equity. It is further alleged that the act violates section 22 of article 4 of the State constitution and the fourteenth amendment of the Federal constitution, in that it grants to a certain class of persons known as barbers the exclusive right to cut the hair of their patrons, and by section 18 of the Barbers act the persons engaged in one line of business known as beauty-shop operators or beauty culturists are compelled to qualify in all the phases of the work as a barber under the Barbers act, including shaving and trimming the beard, which are so many and unreasonable and foreign to the work of a beauty culturist as to make it prohibitory for a beauty-shop operator or beauty culturist to so qualify in order to cut or trim the hair of her patrons,— a vital part of her occupation and profession. Therefore it is discriminatory and class legislation, setting up a permanent, limited and monopoly class to cut and trim hair.

A barber is one whose occupation is to shave or trim the beard and to cut and dress the hair of his patrons. This definition is recognized by section 12 of the original Barbers act of 1909. We held this act constitutional in *People* v. *Logan,* 284 Ill. 83. An individual has the right to pursue any trade, calling or occupation, without restriction, which is not injurious to the public or a menace to the health, safety or welfare of society, free from regulation by the exercise of the police power, except only in case of neces-

sity for the health, safety, welfare or comfort of society. (*Bessette* v. *People,* 193 Ill. 334; *Ruhstrat* v. *People,* 185 id. 133.) The right to follow any of the common occupations of life is an inalienable right. (*Allgeyer* v. *Louisiana,* 165 U. S. 578.) When the police power is exerted to regulate the conduct of a useful business or occupation the legislature is not the sole judge of what is a reasonable and just restraint upon the constitutional right of the citizen to pursue his calling and exercise his own judgment as to the manner of conducting it, but the measures adopted to protect the public health and secure the public safety and welfare must have some relation to these proposed ends. (*Ritchie* v. *People,* 155 Ill. 98.) For the same reasons that the Barbers law was held to be constitutional the occupation of beauty-shop operators and beauty culturists may be the subject of regulation. Their occupation brings them in contact with the persons of their patrons, and their careless and unsanitary use and application of cosmetic preparations by means of devices, apparatus or appliances, or bleaching, coloring, dyeing or otherwise treating the hair, may injure their patrons or induce disease. The Barbers act of 1909 did not, however, apply to beauty-shop operators or beauty culturists. The occupation of barber, as alleged in the bill and admitted by the answer, is made up principally of men and is practiced upon the persons of men, while the occupation of beauty-shop operator or beauty culturist is made up principally of women and is practiced on the persons of women. The shaving and trimming of beards is no part of the business or occupation of the beauty-shop operator or beauty culturist, but it is a necessary part of their work, incidental to the arranging and dressing of women's hair, to cut and trim the hair. The title of the Barbers act is and has always been, "An act to regulate the pursuit of the business, art and avocation of a barber, and to insure the better qualifications of persons following such business in the State of Illinois." The provi-

sions of the act of 1909 were limited to the regulation of the business of the barber. The act of 1929 went beyond the title and undertook to regulate the business of beauty-shop operators and beauty culturists by prohibiting to them the cutting of hair. The proviso to section 18 which has been quoted declared that nothing contained in the act should be construed to include so-called beauty shops or hair dressing parlors patronized by women except as to the cutting of hair. Since the title limited the subject matter of the act to "the business, art and avocation of a barber," nothing contained in the body of the act could be construed to include beauty shops because of the provision of section 13 of article 4 of the constitution that no act hereafter passed shall embrace more than one subject and that shall be expressed in the title, but if any subject shall be embraced in an act which is not expressed in the title such act shall be void only as to so much thereof as shall not be so expressed.

The Barbers act as amended in 1929 requires, as a condition to securing a certificate as a registered barber, an attendance of 1248 hours in a duly qualified and licensed school or college of barbering and an apprenticeship of two and a half years in a barber shop, and under the act only one apprentice may serve at any one time in a single barber shop. (Secs. 3, 5, 11.) Section 4 requires every barber school or college to teach the preparation of barber tools, the art of shaving, hair cutting and beard trimming, facial and scalp massaging and treatment either by hand or by mechanical appliances, the general principles of sanitation as prescribed by the Department of Registration and Education for use in all barber shops, and a sufficient knowledge concerning the common diseases of the face and skin to avoid the aggravation and spreading thereof in the practice of the profession of barbering. The requirement for the learning of those things is 1248 hours of study in school or college and two and a half years of service as an apprentice. The period of technical training required of a beauty

culturist is a course of study consisting of 625 hours in a school of beauty culture approved by the Department of Registration and Education. (Beauty Culture act, sec. 5*d*.) The subjects to be studied are not specifically stated, but the examination of candidates for certificates of registration as beauty culturists "may include both practical demonstrations and written or oral tests, and shall embrace the subjects normally taught in schools of beauty culture approved by the Department of Registration and Education." (Sec. 8.) From section 2 of the Beauty Culture act and section 18 of the Barbers act it is apparent that the trades of a barber and a beauty culturist have many things in common in addition to the necessity for taking health precautions in the practice of both. By the bill it is shown that the cutting and trimming of hair is necessarily incident to the trade of a beauty culturist, and, of course, is necessary to the trade of a barber. Section 2 of the Beauty Culture act has withdrawn hair cutting and trimming from the trade of beauty culture and given it to the trade of barber. Thus no beauty culturist can be authorized to practice her trade unless she is a barber, qualified by years of training to shave men and trim their beards. A period of 1248 hours of study in a school or college of barbering and of two and a half years of service in a barber shop as an apprentice cannot be regarded as a necessary or reasonable requirement to qualify a beauty culturist to cut and trim hair. The incidental part of the trade of beauty culture, consisting of cutting and trimming hair, is taken from that trade and given to the trade of barber under the guise of a police regulation, which can find no support as a reasonable measure either to preserve the health or to secure the safety, welfare or comfort of society. It is unreasonable to require persons desiring to become beauty culturists practicing upon women, as a necessary qualification for cutting and trimming the hair of women, to spend 1248 hours in a school or college of barbering and two and a half years

as an apprentice in a barber shop learning to shave men and trim their whiskers,—a thing entirely foreign to the trade for which they desire to qualify and having no relation to the health or safety of their patrons in their proposed occupation as beauty culturists or to the welfare of society. Section 18 of the Barbers act, as applied to the appellants and others in the same situation, deprives them of their liberty and property without due process of law, and is therefore void under both the Federal and State constitutions.

The judgment of the circuit court will be reversed and the cause remanded, with directions to overrule the demurrer. *Reversed and remanded, with directions.*

Mr. JUSTICE SAMUELL took no part in this decision.