THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LLOYD OSBORNE, Appellant.

County Court, Nassau County, December 5, 1933.

*Alexander Berman*, for the appellant Osborne.

*Raphael W. Alpher, Corporation Counsel of the Village of Lynbrook*, for the People, respondent.

*Raphael Russakow*, appearing specially as *amicus curiæ* on behalf of the American Oil Burner.

JOHNSON, J. The defendant appeals from a judgment of conviction by the police justice of the incorporated village of Lynbrook, convicting the defendant of a violation of an ordinance of the village, the charge against him being that he did certain plumbing work without having first secured a license in accordance with the provisions of the ordinance.

The ordinance in question reads as follows:

" a. Once in each year every employing or master plumber carrying on his trade, business or calling in the Village shall register his name and address at the office of the building department

in the said Village in which he performs work, under such rules as the said department may prescribe. Such registration may be cancelled by Village Board for a violation of the rules and regulations for plumbing or drainage of such Village duly adopted, or in force pursuant to the provisions of this article or whenever the person so registered ceases to hold a certificate from the examining board of plumbers or to be actually engaged in the business of master or employing plumber, after a hearing before said superintendent, upon prior notice of not less than 10 days.

" b. No person, corporation or copartnership shall engage in or carry on the trade, business or calling of employing or master plumber in the Village unless the name and address of such person and the president, secretary or treasurer of the corporation, or of each and every member of the copartnership shall have been registered as above provided.

" c. It shall be unlawful for any person, corporation or copartnership in the Village of Lynbrook, unless said person, corporation or copartnership shall have complied with the requirements of this section, to hold him or themselves out to the public as a master or employing plumber by the use of the word ' plumber ' or ' plumbing ' or words of similar import or meaning, on signs, cards, stationery or in any other manner whatsoever.

" d. It shall be unlawful for any person, corporation or copartnership in the Village of Lynbrook to engage in or carry on the trade, business or calling of employing or master plumber, unless such person, corporation or copartnership has conspicuously posted in the window of the place where such business is conducted, a metal plate or sign appropriately lettered or marked ' licensed plumber ' in accordance with rules adopted by the superintendent of buildings.

" e. No person, corporation or copartnership registered as provided in this section, or who holds a certificate from the Examining Board of Plumbers, shall, for the benefit of any person engaged in the plumbing business who is not so registered, apply for, receive, or make use of any permit granted to him by reason of being so registered, or holding such certificate from the Examining Board of Plumbers.

" f. All plumbers hereafter must pass a practical and theoretical test, as to their knowledge of the plumbing rules of this Village and must be registered and must execute a bond for the faithful performance of their work, the amount of the bond to be fixed by the Board of Trustees of the Village of Lynbrook, N. Y."

It was enacted pursuant to the authority vested in the village board by section 90-a of the Village Law.

Under this section, " The board of trustees of any incorporated

village of the State by a majority vote of said board, at a meeting thereof duly held * * * may also adopt an ordinance to be known as the sanitary code and said board may either adopt the standard plumbing code recommended by the New York state department of health or may formulate other rules and regulations for the construction, alteration, removal and inspection of all plumbing and drainage systems in buildings now erected or to be erected upon property within the limits of the village, providing therein and regulating thereby all such construction, alteration or removal of all such plumbing and drainage, and the licensing of plumbers to do such work.''

It is not questioned that, under the authority of that statute, the village board was empowered to adopt and did properly adopt the ordinance in question. Indeed the constitutionality of such a statute has been sustained. (*People ex rel. Nechamcus* v. *Warden of City Prison*, 144 N. Y. 529.) The statute there involved was an act providing for the examination and registration of plumbers within the cities of New York, Brooklyn and Albany, and making it a misdemeanor for any person to engage in the trade, business or calling without registration, and its constitutionality was sustained in the Court of Appeals by a vote of four to three, the majority of the court saying: '' I am not unwilling to concede that the act skirts pretty closely that border line, beyond which legislation ceases to be within the powers conferred by the people of the state, through the Constitution, upon its legislative body. * * *

'' It [referring to the law requiring licensing of plumbers] does not operate to prevent the individual from following the trade of a plumber. It, merely and only, requires of those who propose to do business as master plumbers to submit to an examination as to their general competency. * * *

'' So regarded, there can be no reasonable doubt that the application of the statutory provision is to the person, whose actual and real occupation is that of the practical plumber. *It cannot have a more extended application, nor comprehend those persons whose business is not that of the plumber, as it is understood to be. Kindred occupations would not be affected.* Whenever a person holds himself out to the public as a plumber, undertaking to do work as such, he must, if he employs assistants to perform the work, comply with the law and procure his certificate.''

Consequently, the statute here involved and the ordinances enacted under its authority should be strictly construed and not given any more extended application than is necessary to meet the expressed intent of the statute and the ordinances.

It will be seen that the statute (Village Law, § 90-a) authorizes

a village to adopt a plumbing code, formulate rules and regulations in reference to " plumbing and drainage systems," and for the " licensing of plumbers to do such work." The statute, therefore, applies by its own terms to " plumbing and drainage " and to " plumbers."

Looking then to the ordinance, we find that it requires " every employing or master plumber carrying on his trade, business or calling in the village " to register at the village office under the rules prescribed by the building department of the village. It prohibits any such person from engaging in or carrying on " the trade, business or calling of employing or master plumber " in the village without such registration. It likewise makes it unlawful for any person, without having complied with the ordinance, " to hold himself or themselves out to the public as a master or employing plumber by the use of the word ' plumber ' or ' plumbing ' or words of similar import or meaning, or signs, cards, stationery or in any other manner whatsoever." It makes it unlawful for any person " to engage in or carry on the trade, business or calling of employing or master plumber " unless he has conspicuously posted in his place of business a sign marked " Licensed Plumber," in accordance with the rules. It also provides that " all plumbers hereafter must pass a practical and theoretical test as to their knowledge of the plumbing rules of this village," and must register and file a bond.

It will be seen that neither the statute nor the ordinance defines " plumber " or " plumbing." Indeed the ordinance specifically applies only to an " employing or master plumber," and one who is carrying on his trade, business or calling in the village; and it prohibits any person from engaging in or carrying on that trade, business or calling without being registered, and likewise prohibits any person from holding himself out as such a master or employing plumber, or engaging in or carrying on such trade, without such registration.

In the case at bar the defendant concededly was not a licensed or registered plumber. However, there is no contention that he held himself out as an " employing or master plumber," or that he was engaged in the business, calling or trade of master or employing plumber. On the contrary, he was an agent or employee of the Timken Silent Automatic Company, whose business is the sale and installation of oil burners, and in connection therewith and incident thereto the installation of hot water heaters connected with the oil burners and the heating apparatus or heating system of the premises where the oil burner and hot water heater is being installed. As such agent or employee, the defendant was engaged

in the installation of a hot water heater in premises in the village, and in connection with and incident to such installation he connected the same with the water supply pipe located upon the premises, which indeed was a necessary part of the installation in order to convey the water to the heater or generator. It is claimed that this was not " plumbing " and that he was not a " plumber " in doing that work within the meaning of the words, but that he was engaged in installing hot water heating apparatus, and that such installation and connection of the same with the water supply pipe was a necessary incident.

It is necessary, therefore, to look to the definitions of "plumber " and " plumbing."

Corpus Juris defines " plumber " and " plumbing " as follows: A plumber is one " who fits dwellings and public buildings with tanks, pipes, traps, fittings and fixtures for the conveyance of gas, water, and sewage; a tradesman who furnishes, fits and repairs gas, water and soil pipes, cisterns, tanks, baths, water closets, and their fittings, and other sanitary and fire protection apparatus for a house or other building, including junctions in mains and sewers."

The word " plumbing " is defined as follows: " A plumber's occupation; the art or trade of putting into buildings the tanks, pipes, traps, fittings and fixtures for conveying water, gas, and sewage; the installing, altering, or repairing of pipes, tanks, faucets, valves and other fixtures through which gas, water, waste, or sewage is conducted and carried; the work of putting together pipes used for the disposal of sewage. Also the pipes, fittings, and fixtures themselves for the conveyance of sewage from private dwellings; and, in this sense, the more common use of the term includes only the water supply and house drainage systems, leaving gas fitting and hot water fitting in two separate classes." (49 C. J. 1035.)

The above definitions may well be taken as adequate for our purpose, they being based upon Webster's International Dictionary, the Standard Dictionary and various decisions cited in their support.

It will be noted from these definitions that a distinction is made between " plumbing and drainage " on the one hand, and " gas fitting and hot water fitting " on the other. An examination of our statutes discloses the same or similar distinction. Article 4 of the General City Law, entitled " Plumbing and Drainage," confines itself to that particular subject with consistent use of the words " plumber," " plumbing " and " plumbing and drainage." (See §§ 40, 45, 53.) Those statutes are the statutes which, as affecting cities, correspond with section 90-a of the Village Law affecting villages. The same is true of the provisions of the Town Law affecting towns. (Town Law, § 141-c, subd. 19.)

The apparent distinction between " plumbing and drainage " on the one hand, and " steam and hot water heating " on the other, is to be found in the provisions of the statutes governing the letting of contracts by municipalities. In such statutes separate specifications are required for " plumbing and gas fitting " on the one hand and for " steam heating, hot water and ventilating apparatus " on the other. (See Gen. Mun. Law, § 88; State Finance Law, § 49-a.)

The same distinction is carried out in other statutes and ordinances in which almost invariably steam or hot water heating is treated separately from plumbing and drainage.

Such being the case, the words of the Court of Appeals in *People ex rel. Nechamcus* v. *Warden of City Prison* (*supra,* at p. 538) are important: " So regarded, there can be no reasonable doubt that the application of the statutory provision is to the person, whose actual and real occupation is that of the practical plumber. It cannot have a more extended application, nor comprehend those persons whose business is not that of the plumber, as it is understood to be. Kindred occupations would not be affected. Whenever a person holds himself out to the public as a plumber, undertaking to do work as such, he must, if he employs assistants to perform the work, comply with the law and procure his certificate."

Applied to the case at bar, it would seem from the words above quoted that the defendant in this particular case was not a person holding himself out to the public as a plumber, undertaking to do work as a plumber, but was one engaged in a kindred occupation, to wit, steam or hot water heating, to which, to be sure, making connection with the water pipe was a necessary incident, but not necessarily bringing his work within the classification of " plumbing and drainage."

Counsel have been able to draw the attention of the court to but one authority in this State passing directly upon the point involved. That is a decision of the Appellate Term in *Bregman* v. *Winkler* (120 Misc. 483). The action in that case was brought to recover for installing a water tank in connection with a hot water heater in premises in the city of New York. After the trial the court gave judgment for the defendant upon the ground that the plaintiff's assignor, who did the work for which the suit was brought, was not a licensed plumber registered in accordance with the city ordinance. The Appellate Term reversed, saying: " After careful consideration, I am of the opinion that the work performed was not plumbing, as the more common use of this term ' includes only the water supply and house drainage systems; leaving gas fitting and hot water fitting in two separate classes.'

(Internat. Ency.) Furthermore, there was no holding out by plaintiff's assignors to the public as a plumber, and their letter paper clearly indicates from the heading thereof that their business was that of ' steam fitting, gas fitting and hot water supply.' The fact that Kemach testified that he was a plumber should not militate against him in this particular case, because it is not admitted or shown by competent testimony that the work actually performed was plumbing work. The fact that plaintiff installed necessary valves and even supplied a new pipe leading to the tank does not make the plaintiff a plumber.

" The word ' plumbing ' has been defined in a number of cases, all of which distinctly limit it to work in and about water supply, drainage and sewerage systems. (*People* v. *Hessler*, 152 App. Div. 839; *People ex rel. Nechamcus* v. *Warden of City Prison*, 144 N. Y. 529; *Margolys & Co.* v. *Goldstein*, 96 N. Y. Supp. 185.) "

In that case, therefore, the reversal was specifically upon the ground that the work done was not " plumbing."

In my opinion the defendant in the instant case was not shown to have violated the ordinance. Motion to dismiss appeal will be denied, judgment reversed, information dismissed and fine remitted.