STATE OF IOWA, FOR THE USE AND BENEFIT OF THE CITY OF SIOUX CITY, Appellee, v. THOMAS F. HARRINGTON, JR., Appellant.

No. 45431.

FEBRUARY 11, 1941.

REHEARING DENIED MAY 9, 1941.

George A. Gorder, Griffin & Griffin, and Gerald F. Harrington, for appellant.

Herman N. Slotsky, Assistant City Attorney, for appellee.

Edward L. Moran, amicus curiae.

STIGER, J.—I. An amendment to the information stated that defendant installed a water softener in a home in Sioux City, Iowa, by connecting the softener to the water-supply distributing pipes; that the installation amounted to an altering of the plumbing system of the house in that it was connected with the water-supply distributing pipes.

Defendant is not a licensed plumber. His business is installing and servicing softeners in the manner described in the information. The complaint against him is that he makes the installation and does not hire a licensed plumber to do the work.

Section 5775, 1939 Code, reads in part:

"5775 Plumbing—inspector. They [cities and towns] shall have power by ordinance to prescribe rules and regulations for all plumbing connecting any building with sewers, cesspools, vaults, water mains, and gas pipes; * * * and to pro-

vide for the assessment of the cost of such inspection and re-placing of the pavement to the property; and to prescribe penalties for the violation of such ordinance.''

Section 5783 defines plumbing as any receptacle or appliance installed or used to receive waste water, house soil, slops, or sewage.

The material portion of section 1, chapter 1, of ordinance No. 7235 reads:

''Section 1. License and Permits necessary: No person, firm or corporation shall construct, re-construct, alter, or repair any plumbing, roof or house drainage system, or the ventilation thereof, or connect, repair, or install any sewer or water supply to or in any building in the City of Sioux City, Iowa, without first having obtained a plumbing license, and a permit for the work to be done, from the Building Inspection Department,'' etc.

It was stipulated that the water softener was not a receptacle or appliance installed or used to receive waste water, house soil, slops, or sewage. We cannot agree with appellant's contention that this admission requires a reversal. While the definition of plumbing contained in section 5783 makes no reference to plumbing installed for the purpose of connecting buildings with water mains, it should not, when read with section 5775, be construed as an all-inclusive definition of plumbing, as it is quite apparent that it was not the intention of the legislature to exclude work done in connection with water pipes and water supply from regulation.

We are of the opinion the installation of the water softener by connecting it with the installed water-distributing pipes did not violate section 1 of the ordinance as this work did not amount to a construction, re-construction, alteration or repairing of the plumbing system or an installation of the water supply to the building.

II. Section 5775 gives cities authority to prescribe rules and regulations for plumbing connecting a building with sewers, water mains, etc. We think the act of installing the softener did not constitute plumbing.

In Bregman v. Winkler, 120 Misc. 483, 484, 198 N. Y. S. 758, 759, defendant installed a water tank in connection with a water heater. The opinion states:

"After careful consideration, I am of the opinion that the work performed was not plumbing, as the more common use of this term 'includes only the water supply and house drainage systems; leaving gas-fitting and hot-water fitting in two separate classes.' International Encyclopedia. * * * The fact that plaintiff installed necessary valves, and even supplied a new pipe leading to the tank, does not make the plaintiff a plumber.

"The word 'plumbing' has been defined in a number of cases, all of which distinctly limit it to work in and about water supply, drainage, and sewerage systems. People ex rel. Lavier v. Hessler, 152 App. Div. 839, 137 N. Y. Supp. 664; People ex rel. Nechamcus v. Warden of City Prison, 144 N. Y. 529, 39 N. E. 686, 27 L. R. A. 718; N. Margolys & Co. v. Goldstein (Sup.) 96 N. Y. Supp. 185."

For a generally accepted definition of the words "plumbing" and "plumbers", see People v. Osborne, 149 Misc. 676, 269 N. Y. S. 409; Words and Phrases; Webster's International Dictionary; 49 C. J. 1035. This definition of plumbing does not include the work done by defendant either directly or by implication.

The regulation of an occupation in the interest of the public health, safety, and welfare is valid as a proper exercise of the police power of the state but the restraint must be reasonable and bear such a relation to the public welfare as will sustain it as a police measure. We are unable to perceive that installation by defendant would be detrimental to the public welfare or that a requirement that the softener must be installed by a licensed plumber rather than a person whose business it is to install it would bear the least resemblance to a health regulation or tend to promote the public health. Such a regulation would be an improper exercise of the police power, an unreasonable restraint on the right to follow one of the common occupations of life. The police power should be exercised to prevent injury to the public welfare.

As stated in Liggett Co. v. Baldrige, 278 U. S. 105, 111, 49 S. Ct. 57, 59, 73 L. Ed. 204:

"The police power may be exerted in the form of state legislation where otherwise the effect may be to invade rights guaranteed by the Fourteenth Amendment only when such legislation bears a real and substantial relation to the public health, safety, morals, or some other phase of the general welfare."

The right to follow any of the common occupations of life, subject only to reasonable regulations under the police power in the interest of the public health, safety, and welfare, is succinctly and comprehensively stated in Scully v. Hallihan, 365 Ill. 185, 191, 6 N. E. 2d 176, 179. We quote from the opinion:

 "It is one of the fundamentals of our democratic form of government that every citizen has the inalienable right to follow any legitimate trade, occupation, or business which he sees fit. His labor is his property, entitled to the full and equal protection of the law under the due process clause of the Federal Constitution. It is also embraced within the constitutional provision guaranteeing to everyone liberty and the pursuit of happiness. Allgeyer v. Louisiana, 165 U. S. 578, 17 S. Ct. 427, 41 L. Ed. 832. This right to pursue any trade or calling is subordinate to the right of the state to limit such freedom of action by statutory regulation where the public health, safety, or welfare of society may require. Nebbia v. New York, 291 U. S. 502, 54 S. Ct. 505, 78 L. Ed. 940, 89 A. L. R. 1469. However, in those instances where the police power is invoked to regulate and supervise a legitimate occupation the restraint imposed must be reasonable. The determination by the General Assembly that such regulations upon a trade are needful is not conclusive and is always subject to review. In order for such regulations to be lawfully imposed upon the constitutional rights of the citizen to pursue his trade or business, the act passed under the guise of a measure to protect the public health, comfort, or welfare must have a definite relation to the ends sought to be attained. Banghart v. Walsh, 339 Ill. 132, 171 N. E. 154."

It is unnecessary for us to consider appellant's attacks on the constitutionality of the ordinance.—Reversed.

HALE, C. J., and MILLER, SAGER, BLISS, and WENNERSTRUM, JJ., concur.

OLIVER, J., takes no part.