CITY OF OSCEOLA, Appellant, v. C. C. BLAIR, Appellee.

No. 45574.

FEBRUARY 10, 1942.

Parrish, Guthrie, Colflesh & O'Brien and E. K. Jones, for appellee.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

STIGER, J.—Ordinance No. 114 of the City of Osceola, Iowa, provides that the practice of being in and upon private residences by solicitors (and other persons) for the purpose of soliciting orders for the sale of goods, wares and merchandise "not having been requested or invited so to do" by the owner

or occupant of such private residences is a nuisance and punishable as a misdemeanor.

In July, 1940, defendant solicited subscriptions for McCall's magazine and Redbook magazine in Osceola in violation of the ordinance and was fined $100 and costs in mayor's court. On appeal to the district court the ordinance was held to be invalid. Whether or not the ordinance is valid is the only question submitted on appeal.

The business of soliciting orders at a private residence is not a nuisance. It is a lawful business in which the solicitor has a valuable property right and this ordinance is an unwarranted exercise of the police power of the city and violates the defendant's constitutional rights under Section 9, Article 1 of the Constitution of the State of Iowa, which provides that no person shall be deprived of life, liberty, or property without due process of law.

Section 5714, 1939 Code, grants municipal corporations the general power to pass ordinances necessary for the safety, health, prosperity, order, comfort, convenience, etc., of its inhabitants.

Section 5739 grants to cities and towns the power to prevent injury or annoyance from anything dangerous, offensive or unhealthful and to cause any nuisances to be abated.

Section 12395 reads:

"12395 Nuisance—what constitutes—action to abate. Whatever is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and a civil action by ordinary proceedings may be brought to enjoin and abate the same and to recover damages sustained on account thereof."

The police power of a municipality under said statutes to declare and prevent nuisances, to promote the public welfare, and to provide for the safety and comfort of its inhabitants should be exercised in the interest of the public welfare. The business of soliciting orders from house to house is a lawful occupation and does not adversely affect the public health,

safety or welfare. The ordinance in question does not bear any relation to the public interest. That a municipality cannot make a lawful occupation unlawful, cannot deprive a person of his property rights in such business by declaring by ordinance the business to be a nuisance when it is not a nuisance, is too well settled to require citation of authorities.

This ordinance, which declares that if a solicitor goes "in and upon" a private residence to conduct his lawful business without first being invited to enter upon the premises he is guilty of a misdemeanor and subject to a fine and imprisonment, imposes an unreasonable restraint upon a lawful business which is not required by the public interest, and, as stated, violates the due process clause of the Constitution.

In State v. Harrington, 229 Iowa 1092, 1096, 296 N. W. 221, 223, this court said:

"As stated in Liggett Co. v. Baldrige, 278 U. S. 105, 111, 49 S. Ct. 57, 59, 73 L. Ed. 204:

" 'The police power may be exerted in the form of state legislation where otherwise the effect may be to invade rights guaranteed by the Fourteenth Amendment only when such legislation bears a real and substantial relation to the public health, safety, morals, or some other phase of the general welfare.'

"The right to follow any of the common occupations of life, subject only to reasonable regulations under the police power in the interest of the public health, safety, and welfare, is succinctly and comprehensively stated in Scully v. Hallihan, 365 Ill. 185, 191, 6 N. E. 2d 176, 179. We quote from the opinion:

" 'It is one of the fundamentals of our democratic form of government that every citizen has the inalienable right to follow any legitimate trade, occupation, or business which he sees fit. His labor is his property, entitled to the full and equal protection of the law under the due process clause of the Federal Constitution. It is also embraced within the constitutional provision guaranteeing to everyone liberty and the pursuit of happiness. Allgeyer v. Louisiana, 165 U. S. 578, 17 S. Ct. 427, 41 L. Ed. 832. This right to pursue any trade or calling is subordinate to the right of the state to limit such freedom of action by statutory regulation where the public health, safety,

or welfare of society may require. Nebbia v. New York, 291 U. S. 502, 54 S. Ct. 505, 78 L. Ed. 940, 89 A. L. R. 1469. However, in those instances where the police power is invoked to regulate and supervise a legitimate occupation the restraint imposed must be reasonable. The determination by the General Assembly that such regulations upon a trade are needful is not conclusive and is always subject to review. In order for such regulations to be lawfully imposed upon the constitutional rights of the citizen to pursue his trade or business, the act passed under the guise of a measure to protect the public health, comfort, or welfare must have a definite relation to the ends sought to be attained. Banghart v. Walsh, 339 Ill. 132, 171 N. E. 154.' "

It is well known that soliciting orders at private homes, from house to house, is a common, usual method of conducting a lawful business and it is the judgment of the court that a solicitor may lawfully so conduct his business unless the occupant or owner has indicated that soliciting orders on the premises is prohibited.

This ordinance, which is often referred to as the Green River Ordinance, because of a like ordinance adopted by the town of Green River, Wyoming, has frequently been before the courts for construction.

In DeBerry v. City of LaGrange, 62 Ga. App. 74, 83, 8 S. E. 2d 146, 152, the court, in considering a like ordinance, said:

"While such solicitor may not be an invitee on the premises, we think usage and custom would constitute him at least a licensee rather than a trespasser where the householder has taken no steps to indicate that such a visit would be objectionable and would be considered as a trespass."

In Prior v. White, 132 Fla. 1, 19, 180 So. 347, 355, 116 A. L. R. 1176, 1187, it is stated:

"Unless the householder manifests externally in some way his wish to remain unmolested by the visits of solicitors, it would seem that the solicitor may take custom and usage as implying consent to call where such custom and usage exist.

31 Michigan Law Review 543. Invitation may be implied from custom, usage, or conduct. Lawrence v. Kaul Lumber Company, 171 Ala. 300, 55 So. 111. And it has been held that a license may be implied to enter the house of another, at usual and reasonable hours, and in a customary manner for any of the common purposes of life. Lakin v. Ames, 10 Cush., Mass., 198. See, also, section 167 of Restatement of Torts.''

The so-called Green River Ordinance has been adjudged to be invalid in the following cases: Jewel Tea Co. v. City of Geneva, 137 Neb. 768, 291 N. W. 664; Prior v. White, 132 Fla. 1, 180 So. 347, 116 A. L. R. 1184; DeBerry v. City of LaGrange, 62 Ga. App. 74, 8 S. E. 2d 146; City of Orangeburg v. Farmer, 181 S. C. 143, 186 S. E. 783; Jewel Tea Co. v. Town of Bel Air, 172 Md. 536, 192 A. 417; White v. Town of Culpeper, 172 Va. 630, 1 S. E. 2d 269; N. J. Good Humor v. Bradley Beach, 124 N. J. L. 162, 11 A. 2d 113, 114.

The following cases hold that the ordinance is valid as an appropriate exercise of the police power of a municipality:

Town of Green River v. Bunger, 50 Wyo. 52, 58 P. 2d 456; Town of Green River v. Fuller Brush Co., 10 Cir., Wyo., 65 F. 2d 112, 88 A. L. R. 177; City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649; Ex parte Hartmann, 25 Cal. App. 2d 55, 76 P. 2d 709; McCormick v. City of Montrose, 105 Colo. 493, 99 P. 2d 969.

In Ex parte Hartmann, supra, the ordinance declared an emergency and its avowed purpose was to protect abuses in soliciting orders for newspapers and magazines by persons using information thereby obtained in committing burglary and larceny on the premises visited.

We are of the opinion that the better rule and the weight of authority is that the ordinance is, for the reasons stated, invalid.—Affirmed.

BLISS, C. J., and all JUSTICES concur.