John M. Hart, Jr., Esq. Informal Opinion City Attorney No. 96-44 City of Olean P. O. Box 668 Olean, N Y 14760-0668
Dear Mr. Hart:
You have informed us that the City of Olean is considering reciprocal agreements with other cities for certifying employing or master plumbers to perform plumbing work in Olean and in the other cities subject to agreements. For example, Olean is considering entering into an inter-municipal agreement with the City of Salamanca, which does not have a significant number of licensed employing or master plumbers. Through such an agreement, employing or master plumbers licensed to do plumbing work in Olean could also work in Salamanca. The City of Olean is also contemplating agreements with other cities. The goal is to avoid the expense of duplication in testing and licensing of employing or master plumbers and to ensure the availability of licensed plumbers to perform plumbing work. You ask whether the city may enter into such agreements.
Also, you inquire whether the city may waive testing and full background investigation for a certified master plumber from another municipality where the master plumber wishes to undertake no more than one job in the City of Olean in any calendar year.
The regulation of the plumbing trade is governed by Article 4 of the General City Law. An "employing or master plumber" means a person having a regular place of business and who by himself or through journeyman plumbers in his employ performs plumbing work. General City Law § 40. The city's examining board of plumbers has
 jurisdiction over and . . . examine[s] all persons desiring or intending to engage in the trade, business or calling of plumbing as employing plumbers in the city in which such board shall be appointed.
Id., § 44(2). The board is empowered to examine persons applying for certificates of competency as employing or master plumbers in order to determine their fitness and qualifications. Id., § 44(2).
 A person desiring or intending to conduct the trade, business or calling of a plumber or of plumbing in a city of this state as employing or master plumber, shall be required to submit to an examination before such examining board of plumbers as to his experience and qualifications for such trade, business or calling, and it shall not be lawful in any city of this state for a person to conduct such trade, business or calling, unless he shall have first obtained a certificate of competency from such board of the city in which he conducts or proposes to conduct such business.
Id., § 45.
The above provisions have been cited in concluding that a certificate of competency issued by an examining board of plumbers in one city may not be used as a basis for allowing an employing or master plumber to practice the trade of plumbing in another city. People ex rel. Lavier v.Hessler, 152 App. Div. 839 (4th Dept 1912); 1912 Op Atty Gen (Inf) 167. The cited provisions clearly contemplate that the examining board of plumbers of each city examine applicants who desire to enter the plumbing trade as employing or master plumbers in that city. As was pointed out by the court in People ex rel. Lavier v. Hessler, supra,152 App. Div. at 842, the statutory provisions do not prescribe uniformity in the tests or examinations administered by examining boards of plumbers to applicants for certification as employing or master plumbers. Each board provides its own method of ascertaining the fitness of the applicant and conditions may not be alike in any two cities. Id.
The provisions of the General City Law regulating the trade of plumbing have been determined by the courts to be matters of State concern, which, therefore, may not be superseded by local law. Ainslie v.Lounsberry, 275 App. Div. 729, lv denied, 275 App. Div. 865 (3d Dept 1949); 1982 Op Atty Gen (Inf) 219; 1975 Op Atty Gen (Inf) 277.
Neither the courts nor opinions of this office, however, have considered whether municipalities may enter into inter-municipal agreements regarding certification of employing or master plumbers in accordance with constitutional authority. Under Article IX, § 1(c) of the State Constitution, local governments, as authorized by the Legislature, are given power to agree with one or more other local governments
 to provide cooperatively, jointly or by contract any facility, service, activity or undertaking which each participating local government has the power to provide separately.
For purposes of municipal cooperation, the Legislature has defined "joint service" to mean
 joint provision of any municipal facility, service, activity, project or undertaking or the joint performance or exercise of any function or power which each of the municipal corporations or districts has the power by any other general or special law to provide, perform or exercise, separately and, to effectuate the purposes of this article, shall include extension of appropriate territorial jurisdiction necessary therefor.
General Municipal Law § 119-n(c). Municipalities have been authorized to enter into agreements for the performance of their respective functions, powers and duties on a joint or cooperative basis. Id., § 119-o(1). Under these provisions, municipalities may enter into inter-municipal agreements to jointly or cooperatively exercise any function or power which each of the participants has the power independently to perform.
In our view, cities may enter into inter-municipal agreements under the constitutional and statutory authority whereby certificates of competency issued by an examining board of plumbers in one city are recognized by other cities participating in the agreements. The authority to enter into municipal cooperation agreements is constitutionally derived and the Legislature has implemented this authority very broadly. Municipal cooperation is authorized with respect to anyactivity, service, undertaking, or facility which each of the participating municipalities has the power separately to effectuate. N Y Const, Art IX, § 1(c).
We believe, however, that municipal cooperation agreements must also be consistent with the purpose of Article 4 of the General City Law to ensure that the plumbing trade is carried out by competent individuals in order to protect the health, safety and general welfare of the residents of the city where they perform their work. Thus, in our view, as part of any inter-municipal agreement, the examining boards of plumbers and the legislative bodies of the participating cities must establish standardized examinations and other criteria to measure the qualifications of employing or master plumbers to do plumbing work within the participating cities. City residents, therefore, can be assured that the qualifications of an employing or master plumber who has been certified elsewhere, have also been approved by their city officials, and are designed to protect their interests.
In response to your first question then, we believe that the City of Olean may enter into inter-municipal cooperation agreements with other cities whereby there is reciprocal recognition of certificates of competency of master or employing plumbers, provided that examination and qualification requirements have been standardized to meet the needs of the participating cities.
As your second inquiry, you have asked whether, without an inter-municipal contract, the City of Olean may waive testing and background investigation for certified employing or master plumbers from other municipalities where the applicant wishes to undertake no more than one job in the city in any calendar year. We see no authority for this waiver. It is clear under the provisions of the General City Law that every employing or master plumber desiring to engage in plumbing work in a city must be certified by the examining board of plumbers of that city. There is no minimum amount of work specified for which certification is not required.
We conclude that the City of Olean may enter into inter-municipal agreements with other cities for the reciprocal recognition of certifications of employing or master plumbers provided that examinations and qualifications have been standardized to meet the needs of the participating cities. A city may not waive the requirement that an employing or master plumber be certified even where the applicant wishes to undertake no more than one job in the city in any calendar year.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions