A. H. DAVISON, Appellant, v. THOS. J. GUTHRIE, Judge,
Appellee.

WITNESSES:    Self-Incrimination—United   States   Constitution—
Fifth Amendment—Imposes No Limitation to State Criminal Pros-
ecutions.   The fifth amendment to the Constitution of the United

States, providing that one shall not be compelled, in a criminal case, to be a witness against himself, has no application to a criminal prosecution for the violation of a state statute.

**WITNESSES:**     Self-Incrimination — Statutes—Judgment Debtor in
2   Supplementary Proceedings—Privilege—Effect.   No provision of
the state Constitution is violated by Section 4075, Code, 1897, pro-
viding that a judgment debtor shall not be excused from an-
swering any questions on the ground that it would tend to con-
vict him of a fraud, but that his answers shall not be used as
evidence against him in a prosecution for such fraud; and there-
fore, in a supplementary proceeding to collect the judgment, a
judgment debtor is required to answer questions concerning the
disposition of his property, notwithstanding Section 4612, Code
Supplement, 1913, which provides that a witness shall not be
compelled to answer questions tending to incriminate himself,
and irrespective as to whether, after having been compelled to
answer such questions, he would be immune from a prosecution,
under Section 5042, Code, 1897, for the fraudulent conveyance or
assignment of said property.

*Appeal from Polk District Court.*—THOS. J. GUTHRIE, Judge.

MAY 19, 1919.

THIS is an original action in certiorari to test the legality of an order of the court below, committing plaintiff to jail for refusing to answer certain questions propounded to him in a proceeding auxiliary to execution. The witness refused to answer, upon the ground that his answers might tend to incriminate him.—*Affirmed.*

*Parsons & Mills,* and *Cosson & Francis,* for appellant.

*Read & Read,* and *J. L. Gillespie,* for appellee.

STEVENS, J.—A judgment having been entered against A. H. Davison in favor of his wife for alimony, and no property upon which to levy for the satisfaction thereof

having been found, proper proceedings were
instituted under Chapter 4, Title XIX, of
the Code, for his examination as to his prop-
erty.  He refused to answer certain ques-
tions propounded to him as to the disposi-
tion he had made of certain securities, up-
on the ground that his answers might
tend to incriminate him.  Whereupon, he
was ordered committed to jail for such refusal to answer.

1. WITNESSES: self-incrimination: United States Constitution: fifth amendment: imposes no limitation to state criminal prosecutions.

It is claimed by counsel for plaintiff that he is pro-
tected from answering questions which he believes might
tend toward self-incrimination, by the provisions of the
Fifth Amendment to the Constitution of the United States,
and by Section 4612 of the Supplement to the Code, 1913.

It has frequently been held by the Supreme Court of
the United States that the Fifth Amendment to the Con-
stitution imposes no limitation upon the power of the
states, and has no application to a criminal prosecution for
the violation of a state statute.  *Brown v. New Jersey,* 175
U. S. 172 (44 L. Ed. 119) ; *Jack v. Kansas,* 199 U. S. 372
(50 L. Ed. 234) ; *Spies v. Illinois,* 123 U. S. 131 (31 L. Ed.
80) ; *Barrington v. Missouri,* 205 U. S. 483 (51 L. Ed. 890).
For an exhaustive collection of the decisions of the United
States Supreme Court upon this point, see Volume 4, page
139, Encyc. of the United States Supreme Court Reports.
The constitutions of most of the states contain a provision
varying somewhat in language, but, in terms and effect,
similar to the Fifth Amendment to the Constitution of the
United States; but no such provision is found in the Con-
stitution of Iowa.

Section 4612, supra, provides that, when the matters
sought to be elicited would tend to render the witness crim-
inally liable, or to expose him to public ignominy, he shall

not be compelled to answer.

2. WITNESSES:
self-incrimina-
tion: statutes:
judgment
debtor in
supplementary
proceedings:
privilege:
effect.

"But in prosecutions against gaming, betting, lotteries, dealing in options, creating, entering into or becoming a member of, or a party to any pool, trust, agreement, contract, combination, confederation or understanding with any other corporation, partnership, association or individual to regulate or fix the price of any article of merchandise or commodity or to fix or limit the amount or quantity of any article, commodity or merchandise to be manufactured, mined, produced or sold in this state, and keeping gambling houses, or rooms for illegal use or disposal of intoxicating liquors, no witness shall be excused from giving testimony upon the ground that his testimony would tend to render him criminally liable or expose him to public ignominy; but any matter so elicited shall not be used against him, and said witness shall not be prosecuted for any crime connected with or growing out of the act on which the prosecution is based in the cause in which his evidence is used for the state, under the provisions of this section."

It will be observed that, in all cases in which the witness is compelled to answer, complete immunity is given him by the above statute from prosecution for any offense concerning which he has given testimony. Counsel, however, have apparently overlooked Section 4075 of the Code, as same is not cited in their brief, nor referred to in argument. This section is as follows:

"The debtor, on his appearance, may be interrogated in relation to any facts calculated to show the amount of his property, or the disposition which has been made of it, or any other matter pertaining to the purpose for which the examination is permitted to be made. The interrogatories and answers shall be reduced to writing and preserved by the court or officer before whom they are taken. All ex-

aminations and answers under this chapter shall be on oath, and no person shall, on such examination, be excused from answering any question on the ground that his examination will tend to convict him of a fraud, but his answers shall not be used as evidence against him in a prosecution for such fraud."

This statute has never been construed by this court in a criminal prosecution against a debtor under Section 5042 of the Code in which evidence based upon the answers of such defendant to questions propounded to him in a proceeding auxiliary to execution had been admitted against him. Whether, under a proper construction of Sections 4612 and 4075, a debtor who has been compelled to answer questions as to the disposition of his property is immune from prosecution under Section 5042 for the fraudulent conveyance or assignment thereof, is not before us; but, as Section 4075 violates no provision of the Constitution of this state, it is valid, and must be given effect in a proceeding under Chapter 4, Title XIX, according to its plain terms and meaning.

In New Jersey, the doctrine of the Fifth Amendment to the Constitution, so far as it expresses the rule of the common law, has been adopted, and is applied in the admission of evidence in criminal cases, and the defendant cannot be compelled to be a witness against himself. New Jersey, like Iowa, has no provision in its state Constitution, and, we assume, no statute upon this subject. *State v. Miller*, 71 N. J. L. 527 (60 Atl. 202).

The questions propounded to the witness, to which answers were refused, were clearly proper, under Section 4075. There was nothing in the testimony of the witness to indicate that his answers thereto would tend in any way to incriminate him. The questions were proper, and the or-

der of court committing plaintiff to jail for refusing to answer them was proper, and is—*Affirmed.*

LADD, C. J., WEAVER AND GAYNOR, JJ., concur.