MRS. FRED HOBSON, Plaintiff, v. DISTRICT COURT OF LINN COUNTY et al., Defendants.

**GRAND JURY:** Refusal to Answer Nonmaterial Question. A witness may not be lawfully committed to jail for refusal to answer questions before a grand jury, when the materiality and relevancy of such questions to an indictable offense then under investigation do not appear, either (1) from the face of the questions or (2) from an independent showing of facts.

*Certiorari to Linn District Court.*—JOHN T. MOFFIT, Judge.

APRIL 13, 1920.

PROCEEDINGS for certiorari to test the authority of the court to order the imprisonment of a witness who refused to give testimony before the grand jury, upon the ground that the evidence sought was immaterial, and not germane to any matter at the time the subject of proper inquiry by that body.—*Order annulled.*

*F. L. Anderson* and *Voris & Haas*, for plaintiff.

*H. K. Lockwood*, for defendant.

STEVENS, J.—After being duly sworn by the foreman, as a witness before the grand jury of Linn County, plaintiff declined to answer the following questions:

"(1) In what business is your son Leo Hobson now engaged? (2) State to the grand jury where your son Leo is at the present time, and anything you know of his present whereabouts."

She was brought into open court by the grand jury, and, in the presence of all the members thereof, and at the request of its foreman, the county attorney informed the court that the witness refused to answer the above questions, and that, in the opinion of the grand jury, both interrogatories

were important, pertinent, and material to certain matters then under investigation before that body. Nothing was disclosed by the county attorney or grand jury as to the subject or nature of the investigation referred to, and no inquiry was made by the court in relation thereto.

Counsel appeared for plaintiff, and objected to the questions on various grounds, among which were that the evidence sought was immaterial, not pertinent to any matter pending before the grand jury, and did not tend in any way to prove the commission of a criminal offense by Leo Hobson or any other person, or that evidence as to his whereabouts would tend in any way to aid the jury in its investigation of offenses committed within the county of its jurisdiction. The objections were overruled, and the witness directed to answer. Persisting in her refusal to do so, she was by the court ordered committed to the county jail, until such time as she signified a willingness to comply with the order of the court.

The grand jury is an appendage or constituent part of the court, exercising certain limited powers and duties under its instructions and direction, but also exercising certain other powers and duties independent and beyond the control of the court. It is its duty to diligently inquire, and true presentment make, of all offenses committed or triable within the county of its jurisdiction of which it has or can obtain legal evidence. Its proceedings are conducted secretly, and with the assistance of the county attorney, and it may request and receive advice from the court. It has no power to compel the attendance of witnesses, or to punish them for refusing to answer questions propounded to them. Subpoenas are issued from the office of the clerk, and the attendance of witnesses before it may be enforced by the court in the same way as witnesses served with a subpoena to testify in any matter pending before it. The power to

punish a witness for refusing to testify before a grand jury is, by Section 4461 of the Code, conferred upon the court. The proceedings in case of the refusal of a witness to testify before that body, and the nature of the hearing before the court, are set forth in Section 5270 of the Code, as follows:

"When a witness under examination before the grand jury refuses to testify or to answer a question put to him, it shall proceed with the witness into open court, and the foreman shall then distinctly state to the court the question and the refusal of the witness, and if upon hearing the witness the court shall decide that he is bound to testify or answer the question propounded, he shall inquire of the witness if he persists in his refusal, and, if he does, shall proceed with him as in cases of similar refusal in open court."

It will be observed from the provisions of the foregoing section that, after the witness has been brought into court, the foreman shall then distinctly state the question or questions propounded to the witness, and inform the court of his refusal to answer the same; then, "if upon hearing the witness, the court shall decide that he is bound to testify or answer the question propounded, he shall inquire of the witness if he persists in his refusal, and, if he does, shall proceed with him as in cases of similar refusal in open court." Technically, the contempt of which the witness is guilty is the violation of the authority and dignity of the court, but committed in the presence of the grand jury. The grand jury is the instrumentality by which evidence of the violation of criminal statutes is obtained, and presentment made to the court, and, no doubt, wide latitude must be allowed it in the exercise of its inquisitorial powers, and its efficiency should not be curbed or circumscribed by technical rules of evidence, with which members thereof ordinarily have little or no familiarity. Nevertheless, indictments should be founded on legal evidence. *State v. Tucker*,

20 Iowa 508; *State v. DeGroate,* 122 Iowa 661. The informalities observed in the rules of evidence by grand juries, and the wide latitude allowed them in the exercise of their inquisitorial powers, should never be permitted to become the instrument of oppression, or be used for any other purpose than that of obtaining information as to indictable offenses triable within the county in which the grand jury is sitting, or for other lawful purposes, nor should the witness be his own judge as to whether he will answer or not; but the power of the court is ample to prevent abuse of the prerogatives of either grand jury or witness, and to enforce all necessary rules for the proper and efficient performance of the duties of the grand jury. It would, to say the least, be a grave injustice to commit a witness for contempt of court for refusing to answer questions having no materiality or relationship to any matter pending before it, or forming the subject of its investigation. Such evidence is not legal evidence, within the meaning of the law. The right of the grand jury to disregard technical rules of evidence in the examination of witnesses is of no controlling importance in a proceeding before court to compel a witness to answer questions propounded to him. Evidence which does not tend to reveal the commission of some indictable offense, or to identify the offender, or to lead to the discovery of other material and competent evidence, would not be material. The same technical rules of evidence, so far as practicable, that obtain in the trial of causes before the court or a jury, should be applied in a proceeding for contempt, and it makes no difference that the offense consists of the refusal to answer questions propounded by or before the grand jury. The materiality of the evidence sought, no doubt, may often be apparent from the form and substance of the question asked; but, unless this is true, the court should inquire sufficiently into the proceedings of the grand jury to determine whether the witness has declined to testify to

material matters. *Rogers v. Superior Court,* 145 Cal. 88 (78 Pac. 344) ; *In re Archer,* 134 Mich. 408 (96 N. W. 442).

It is true that, by specific statutory enactment, the proceedings of the grand jury are conducted in secrecy. The reasons therefor are apparent from the nature of the duties performed thereby. It would often defeat the very purpose of the inquiry if public revelation were made of the particular offense being investigated; but sufficient information may be imparted to the court, and made of record in proceedings of this character, to enable it to determine the materiality and legality of the evidence sought, without violating either the statute or public policy upon which it is based. Proceedings of this character are held in this state to be in their nature criminal, or quasi criminal, and a clear case of contempt must be shown by the evidence where it is required. *Russell v. Anderson,* 141 Iowa 533; *Carr v. District Court of Van Buren County,* 147 Iowa 663; *Wells v. District Court of Polk County,* 126 Iowa 340; *Tuttle v. Hutchison,* 173 Iowa 503. The refusal of the witness upon which the prosecution is based, was to answer questions in the presence of the grand jury, and not of the court; and while, as stated, the offense is technically against the authority of the court, it was not committed in the actual presence thereof.

The questions propounded to the plaintiff may have been intended to elicit evidence important and material to some matter properly under investigation by the grand jury, but such materiality clearly does not necessarily appear upon the face thereof. If, for example, the answer of the witness to the first question had been that Leo Hobson was engaged in the drygoods business at Tipton, Iowa, or if, in answer to the second question, she had stated that Leo Hobson was residing in Kalamazoo, it is hardly conceivable that such evidence would have been material. Before ordering the witness committed to jail for contempt, the court should have required the grand jury to make sufficient show-

ing to enable it to say that the questions were proper, and that they sought to elicit material and important information. *Rogers v. Superior Court*, supra; *In re Archer*, supra.

The jurisdiction of the grand jury before which plaintiff was summoned was limited to Linn County, and, while it is conceivable that the examination might have resulted in eliciting information tending to show that Leo Hobson was engaged in an unlawful business in Linn County, or that his whereabouts might bear such relation to other facts or circumstances as to have an important bearing upon the question of his own guilt or that of some other offender punishable in Linn County, the record before us does not so show.

The evidence in a proceeding to punish a recalcitrant witness for contempt must show affirmatively that he had refused to give legal evidence in a trial before the court, or before some other court or tribunal having a right to demand the same.

Section 4466, Code of 1897, requires that, where the action of the court is founded upon evidence given by others, it must be reduced to writing, filed, and preserved, and, if the court acts upon personal knowledge, a statement of the facts upon which the order is founded must be entered on the record of the court, or be filed and preserved, when the court keeps no record. The court could not determine the materiality of the evidence sought, without a showing of the facts, which should have been made of record.

It is the conclusion of the court that the record before us does not sustain the order of the court below, directing that plaintiff be committed to the county jail until such time as she expressed a willingness to answer the above questions, and it is, therefore,—*Annulled.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.