FRANK CROSBY, Petitioner, v. SHERWOOD A. CLOCK, Judge, Respondent.

No. 39915.

JUNE 24, 1929.

*Thomas & Loth,* for petitioner.

*D. M. Kelleher* and *John E. Mulroney,* for respondent.

GRIMM, J.—That portion of the return by the respondent to the writ in reference to the presentation of the matter to the district court is as follows:

"To the Honorable District Court in and for Webster County Iowa:

"In the examination on April 10, 1929, of Frank Crosby, who was before the March grand jury of Webster County, Iowa, Mr. Crosby being first duly sworn by the foreman of said grand jury, the following questions were asked of the witness Crosby:

"Q. Did anybody attempt to pay you for your services? A. I refuse to answer that question on the grounds that it may inscriminate me."

"Q. Inscriminate you? Where did you get that word? A. I refuse to answer."

"Q. Where did you pick up that word? A. I refuse to answer."

"Q. Did you have any understanding that you were to be paid for your services in connection with your election work?"

And the witness made the following reply: "I refuse to answer that question."

"Q. Is it not true that you were promised money or other valuable thing for your services in working for certain candidates at the city election which was held in March, 1929?"

And the witness made the following reply: "I refuse to answer that question."

"Q. Did you not, after the election, receive the money or valuable thing that you were promised for your services in work-

ing at the city election in March, 1929? A. I also refuse to answer that question."

The return of the respondent shows the following court entry:

"In the District Court of Iowa in and for Webster County.
"In the Matter of the March Grand Jury.
"Order.

"Be it remembered that, on the 11th day of April, A. D. 1929, the grand jury of Webster County, Iowa, duly reported in open court through Hal C. Fuller, foreman of said grand jury, as follows:

"Said Hal C. Fuller, foreman, in open court on this 11th day of April, A. D. 1929, one of the days of the regular March, 1929, term of the district court of Webster County, Iowa, stated to the court that Frank Crosby, a witness duly sworn by the foreman of said grand jury, was propounded the following questions, and which questions he refused to answer (he, the said Frank Crosby, making the answers and only the answers to said questions now set forth, as follows) : [Here follow the same questions and answers as appear in the presentation made by the foreman to the court.] Said witness, Frank Crosby, being present at the time of said report when said statement by the foreman of said grand jury reported same, was thereupon asked by the court (Honorable Sherwood A. Clock, presiding judge) if he persisted in his refusal to answer said questions, said court ruling and stating that said witness was bound to answer said questions and each of them. The witness, in answer to the interrogation of the court, stated that he did persist in his refusal. Thereupon the court made and hereby enters and renders the following ruling and decision and sentence, to wit:

"It is hereby ordered and adjudged that the said Frank Crosby, now present in open court, be and he is hereby ordered by the court and sentenced to be confined in the Webster County jail until he makes answer to said questions propounded to him before the said grand jury.

"And it is further ordered that the clerk of the district

of Webster County, Iowa, issue a mittimus in accordance with this order.

"[Signed] Sherwood A. Clock,
"Judge of the District Court of
Webster County, Iowa."

The mittimus is in substantially the same language.

The certificate of Judge Clock to the return to the writ of certiorari alleges the return to contain a full, true, correct, and complete transcript of the records and proceedings, as well as the facts, in the case of "In the Matter of the March Grand Jury," "Investigation of Municipal Election." The words "Investigation of Municipal Election" appear in said certificate for the first time.

The return to the writ contains several pages of other matter, alleging, among other things, and in substance, that, at the time the questions were propounded to the grand jury, the grand jury was engaged in making an investigation in reference to a primary election held on the 9th day of March, 1929, for the nomination of mayor and councilmen to be elected in the city of Fort Dodge, in Webster County, Iowa, and in relation to a city election held on the 25th day of March, 1929, to vote upon candidates nominated at said primary election for the office of mayor and councilmen, and that the said Crosby, prior to the time the questions were propounded to him, was advised in reference to the law of Iowa on the subject of immunity to a witness testifying under such circumstances. All of these matters are not of record, and appear for the first time in the return. A motion to strike all these allegations was filed by the petitioner, and the motion has been submitted with the cause in this court.

This procedure is brought under Section 13711 of the Code of 1927, reading as follows:

"When a witness under examination before the grand jury refuses to testify or to answer a question put to him, it shall proceed with the witness into open court, and the foreman shall then distinctly state to the court the question and the refusal of the witness, and if upon hearing the witness the court shall decide that he is bound to testify or answer the question propounded, he shall inquire of the witness if he persists in his refusal, and, if he

does, shall proceed with him as in cases of similar refusal in open court."

Section 11267, Code of 1927, is as follows:

"When the matter sought to be elicited would tend to render a witness criminally liable, or to expose him to public ignominy, he is not compelled to answer, except as otherwise provided."

Certain exceptions are provided in Section 11268, Code of 1927, as follows:

"In the following cases no witness shall be excused from giving testimony, or from producing any evidence, upon the ground that his testimony or such evidence would tend to render him criminally liable or expose him to public ignominy. * * *
"5. In prosecutions for the violation of the statutes relating to elections."

Section 11269, Code of 1927, is as follows:

"No person compelled under the preceding section to testify or produce evidence tending to incriminate him or to expose him to public ignominy shall be prosecuted for any crime which such testimony or evidence tends to prove or to which the same relates. This section shall not exempt any person from prosecution for perjury."

It appears from the record that the city of Fort Dodge is a city under the commission form of government. Chapter 326 of the Code of 1927 relates to the government of cities by commission, and Section 6515 of the said Code provides a punishment for entering into any agreement to perform any services in the interest of any candidate for any office provided in the chapter, in consideration of any money or other valuable thing for such services performed in the interest of any candidate. Section 6516 provides punishment for offering to give a bribe, either in money or other consideration, to any elector for the purpose of influencing his vote at any election provided in said chapter; and the section also provides a punishment for receiving or accepting a bribe or other consideration in connection with any election provided for in said Chapter 326.

Chapter 605 of the Code of 1927 pertains to bribery and cor-

ruption in elections. Section 13263, in said Chapter 605, provides for punishment for offering or giving a bribe to any elector for the purpose of influencing his vote at any election authorized by law, and also provides a punishment for the receipt by any elector of any bribe. Section 13264, in said Chapter 605, provides a punishment for entering into any agreement for the payment of money or other valuable thing in consideration of refraining from voting, or for the performance of any service or labor on election day, in the interest of any candidate for office or in the interest of any measure or political party. Section 13265 provides that:

"Any person who shall, in consideration of any sum of money or other valuable thing, agree to refrain from voting at any public election, or to induce or attempt to induce others to do so, or agree to perform on election day any service in the interest of any candidate, party, or measure * * * or who shall accept money or other valuable thing for such services performed in the interest of any candidate, political party, or measure, shall be punished as provided in the preceding section."

Section 13267 provides a punishment for agreeing to perform services, or accepting money or other valuable thing for such services performed in the interest of any candidate.

It does not appear from the record under which chapter the investigation was being made by the grand jury. From respondent's argument it seems that the prosecution was being conducted under the provisions of Chapter 605 of the 1927 Code.

Section 13711 provides a method of procedure whereby a witness refusing to testify before the grand jury may be brought before the court.

It will be noted that, under Subsection 5 of Section 11268 of the Code of 1927, a witness may be compelled to testify "in *prosecutions* for the violation of the statutes relating to elections." So far as the record in this case shows, no preliminary information was filed against anyone, nor was any defendant bound over to the grand jury under any form of charge for a violation of the statutes relating to elections. The question whether an original investigation by a grand jury without any defendant's having been bound over to it for examination is a "prosecution," is not here decided, and is expressly reserved.

I. By Sections 12547 and 12548 of the Code of 1927, a record must be made of the contempt proceedings before the court, including all the evidence given by others and a statement of facts within the personal knowledge of the court or judge which form a basis for the order of the court. It follows that nothing can be considered in this court except the record made by the trial court at the time the order of commitment was made. The return to the writ of certiorari made by the respondent contains much not made of record by the trial court at the time of the commitment, and the motion of the petitioner to strike the same from the record must be, and is, sustained. In support of the foregoing, see *Hobson v. District Court*, 188 Iowa 1062; *Storie v. District Court*, 204 Iowa 847.

II. We next examine whether the record made by the trial court at the time of the commitment is sufficient to warrant the order made. As was said in *Hobson v. District Court*, supra:

"Proceedings of this character are held in this state to be in their nature criminal, or quasi criminal, and a clear case of contempt must be shown by the evidence where it is required."

Further in the same case, this court, speaking through Justice Stevens, said:

"The evidence in a proceeding to punish a recalcitrant witness for contempt must show affirmatively that he had refused to give *legal* evidence in a trial before the court, or before some other court or tribunal having a right to demand the same."

The opinion also contains the language:

"Before ordering the witness committed to jail for contempt, the court should have required the grand jury to make sufficient showing to enable it to say that the questions were *proper*, and that they sought to elicit *material* and important information." (Citing *Rogers v. Superior Court*, 145 Cal. 88 [78 Pac. 344] ; *In re Archer*, 134 Mich. 408 [96 N. W. 442].)

The record, as made at the time of the order of commitment, fails to show that the witness was being interrogated in prosecutions for the violation of the statutes relating to elections, over

which the grand jury in Webster County had any jurisdiction. It is true, the last two questions propounded to the witness contain the words, "city election which was held in March, 1929." There is nothing in the questions or in the record to indicate what city election. There is nothing contained in this record designating whether the city election held in March, 1929, referred to, was a city election in Fort Dodge or in any one of the numerous other cities and towns in Webster County. It will not do to say that by extrinsic evidence it could be proven that there was no city election in March, 1929, in Webster County except the city election held in Fort Dodge, Iowa. The record must be self-sufficient.

Moreover, the record is silent as to whether the grand jury in Webster County was engaged, at the time these questions were asked of Crosby, in an examination as to any violation of the statutes relating to elections. Only by inference from the last two questions asked of the witness can the conclusion be reached that the grand jury was engaged in such an investigation. In this sort of a proceeding, no inference can be indulged. As was said by Chief Justice Wright, in *Skiff v. State of Iowa*, 2 Iowa (Clarke) 550:

"Ordinarily, it is true, the presumption is in favor of the regularity of the proceedings of the district court, and that such court had (when the contrary is not shown) sufficient evidence to justify the judgment rendered. In cases of contempt, however, the provision of the Code is positive, that the evidence in one case and the facts in the other shall be filed and preserved, or entered on the record. The power to punish for contempt is a necessary one; but, at the same time, it should be carefully exercised, in strict accordance with law and a due regard to the rights of those charged."

The foregoing language is clearly applicable in this case.

III. It will not be contended but that, under the provisions of Sections 13264 and 13265 of the Code of 1927, some of the questions propounded to the witness tended to incriminate him, and he would only be required to answer them because of the immunity granted under Subsection 5 of Section 11268 and Section 11269 of the Code of 1927. Before the witness is required to

answer and an order of commitment is made for refusing so to do, the record made in the proceedings must be such as that, in and of itself, it furnishes a complete basis of immunity from prosecution. In other words, it must clearly show all the essential elements furnishing jurisdiction for the order. It must also show all the essential facts to afford the witness immunity under the statute. As was said in *Ex Parte Napoleon*, 65 Tex. Cr. 307 (144 S. W. 269):

"Before a witness can be compelled to give evidence about any matter which would incriminate him, he must be assured by the proper officials, in a *legal* manner, that he will not be prosecuted * * * he was not compelled to answer the question until immunity from punishment was guaranteed him. If the record disclosed that he was guaranteed immunity from punishment for the offense about which he was being questioned, we would hold that he would be compelled to answer * * *."

The witness is entitled to a record showing such immunity.

It follows that the order of commitment made by the district court must be and is hereby annulled, and the petitioner is discharged.—*Order annulled. Petitioner discharged.*

ALBERT, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.