FLOYD KOENCK, petitioner, v. HON. F. H. COONEY, Judge, and DISTRICT COURT (CRAWFORD COUNTY), respondents.

No. 48030.

(Reported in 55 N.W.2d 269)

154

OCTOBER 14, 1952.

REHEARING DENIED DECEMBER 19, 1952.

Welch & Welch, of Logan, for petitioner.

Allan F. Nash, County Attorney, for respondents.

HAYS, J.—Petitioner, Floyd Koenck, having refused to answer certain questions propounded to him by a grand jury, was committed for a contempt. The case is here on a writ of certiorari.

The real question presented goes to the meaning and scope of section 622.16, Code of 1950, although several other matters are argued. The error assigned is that by requiring the petitioner to answer the questions propounded, his rights granted under the Federal and State Constitutions against self-incrimination have been violated, as the immunities granted under our statutes are not broad enough to protect those rights.

Section 622.14, Code of 1950, states: "Criminating questions. When the matter sought to be elicited would tend to render a witness criminally liable, or to expose him to public ignominy, he is not compelled to answer, except as otherwise provided."

Section 622.15, Code of 1950, provides, in part: "Exceptions. In the following cases no witness shall be excused from giving testimony, or from producing any evidence, upon the ground that his testimony or such evidence would tend to render him criminally liable or expose him to public ignominy: * * * 4. In prosecutions or proceedings for violations of the statutes relating to intoxicating liquors * * *."

Section 622.16, Code of 1950, states: "Immunity from prosecution. No person compelled under section 622.15 to testify or produce evidence tending to incriminate him or to expose him to public ignominy shall be prosecuted for any crime which such testimony or evidence tends to prove or to which the same relates. This section shall not exempt any person from prosecution for perjury."

No extensive review of the facts is necessary, but briefly the record shows the following situation: A regularly impaneled grand jury for Crawford County was making an independent investigation relative to the violation of the liquor laws at a place in Denison, said county, known as the Denison Club. Petitioner was employed there as a bartender. Under subpoena he appeared before said body. He was asked certain questions relative to the sale of liquor at the Club and as to his connections therewith. The questions were clearly of a nature that answers thereto could well tend to render him criminally liable. He refused to answer on the ground of self-incrimination. The trial court, under the procedure provided for in sections 770.10 and 665.2, Code of 1950, found him to be in contempt upon his continued

refusal to answer the questions, and entered the order of commitment in question.

Before reaching the real question, certain matters urged by petitioner should be disposed of.

■ It is asserted that his constitutional rights to a trial by jury have been violated. This court has repeatedly held otherwise. State v. Baker, 222 Iowa 903, 270 N.W. 359; Bisignano v. Municipal Court, 237 Iowa 895, 23 N.W.2d 523.

■ It is further claimed that an investigation by a grand jury in cases where there has not been a defendant bound over to that body is not a "prosecution or proceedings" as required by section 622.15, supra. In Crosby v. Clock, 208 Iowa 472, 476, 225 N.W. 954, 955, this court specifically reserved the question whether such an investigation was a "prosecution" within the meaning of the statute. The case involved subsection 5 of the statute, which is as follows: "In prosecutions for the violation of the statutes relating to elections." By chapter 236, Acts of the Fortieth General Assembly, the legislature amended what is now section 622.15, Code of 1950, by including the word "proceedings" as well as "prosecutions" involving the liquor laws. It made no change in subsection 5 thereof. It is apparent that "prosecution" and "proceedings" are not necessarily synonymous terms. In Blakely v. Cabelka, 207 Iowa 959, 221 N.W. 451, the court was considering the meaning of the word "proceedings" as used in the so-called "dead man's statute." We said that the term was broad enough in its scope to include the operation of that judicial machinery required to accomplish the probate of a will. We think the same rule applies here and includes the operation of that judicial machinery necessary to cope with the violation of the liquor laws. A grand jury is part of that machinery. Hobson v. District Court, 188 Iowa 1062, 177 N.W. 40. Under the facts of this case, there was a "proceedings" within the terms of the statute.

■■ Now to the real question: Have petitioner's rights been violated? We think not. The Fifth Amendment to the Constitution of the United States provides, "No person * * * shall be compelled in any criminal case to be a witness against himself * * *." This amendment applies only to Federal courts

and in no way involves the states. Davison v. Guthrie, 186 Iowa 211, 172 N.W. 292; Duckworth v. District Court, 220 Iowa 1350, 264 N.W. 715. While the Constitution of Iowa does not contain such a provision, it has been held that section 9, Article I thereof, the "due process" provision, includes the right against self-incrimination. State v. Height, 117 Iowa 650, 91 N.W. 935, 59 L. R. A. 437, 94 Am. St. Rep. 323. In United States v. Murdock, 284 U. S. 141, 52 S. Ct. 63, 76 L. Ed. 210, 82 A. L. R. 1376, it is said that full and complete immunity against prosecution by the government compelling the witness to testify is regarded as equivalent to the protection furnished under the constitution. Thus, if such be granted, the right of a government to force self-incrimination cannot be questioned. Counselman v. Hitchcock, 142 U. S. 547, 12 S. Ct. 195, 35 L. Ed. 1110.

Turning to our immunity statute (section 622.16) supra, we find that the Fortieth General Assembly made some significant changes therein. Section 4612, Code Supplement, 1913 (now section 622.16), provides that "* * * no witness shall be excused from giving testimony upon the ground that his testimony would tend to render him criminally liable or expose him to public ignominy; but any matter so elicited shall not be used against him, and said witness shall not be prosecuted for any crime connected with or growing out of the act on which ·the prosecution is based in the cause in which his evidence is used for the state, under the provisions of this section." By chapter 236, section 3, Acts 40th G. A., this section was amended to read as it is now constituted, to wit, "No person * * * shall be prosecuted for any crime which such testimony or evidence tends to prove or to which the same relates. * * *." In Doyle v. Willcockson, 184 Iowa 757, 169 N.W. 241, we held, under section 4612, supra, that the immunity therein granted applied only to prosecutions based upon the testimony given and not to prosecutions based upon leads obtained by such testimony, and the compelled testimony was not used. This decision was prior to the change above-noted.

We hold the provisions of section 622.16, supra, "for any crime which such testimony or evidence tends to prove or to which the same relates" are broad enough to, and do, grant an immunity coextensive with the right of an individual to be exempt from self-incrimination which might lead to a criminal

158

prosecution. It applies not only to the particular cause under consideration but likewise to any and all others that may be based upon, or developed as, the result of such testimony or evidence.

 Petitioner contends however that the immunity does not extend to prosecutions by other sovereign states or the Federal Government. This of course is true, as the laws of this state are effective only within the boundaries of the state. This contingency was recognized in Brown v. Walker, 161 U. S. 591, 16 S. Ct. 644, 40 L. Ed. 819, and it was there held to be too remote and speculative to be deemed of any importance. See also United States v. Murdock, supra.

 Petitioner also contends that he was not given definite assurance by the trial court that such immunity was sufficient to cover all prosecutions. The trial court did not say, in so many words, that he could not be prosecuted. It did say: "The court believes that if you were to answer them, that you could not be prosecuted for any crime which the evidence you might give would tend to prove or relate to. Do you understand what I mean when I say that?" To which the petitioner answered, "Yes, Sir." Any immunity existing or granted must come from the statute and not from what a party may be told in the courtroom, although it is for the court to determine whether the immunity statute is applicable in any certain situation. Petitioner was sufficiently informed.

 Finding no error or illegality in the judgment of the trial court the writ should be and is annulled.—Writ annulled.

All JUSTICES concur.