State of Iowa ex rel. Dr. Edmund G. Zimmerer, Commissioner of Public Health, appellee, v. Donald J. Clark, d/b/a Public Dental Laboratory, appellant.

No. 50187.

(Reported in 107 N.W.2d 726)

FEBRUARY 8, 1961.

H. S. Life, of Oskaloosa, for appellant.

Norman A. Erbe, Attorney General, Leonard C. Abels, Assistant Attorney General, Matt Walsh, Special Assistant County Attorney, and Keith Stapleton, Special Assistant Attorney General, for appellee.

THORNTON, J.—The Commissioner of Public Health brings this suit asking defendant be enjoined from practicing dentistry without a license. Defendant concedes he is not a licensed dentist, denies his activities constitute such practice, alleges affirmatively he is a dental laboratory technician and asks for a declaration of his rights as such.

The trial court enjoined defendant as follows: "* * * he is hereby enjoined either by himself or agents, in his own name or otherwise from operating a dental laboratory or in any manner engaging in the manufacture, sale, dispensing, or offering for sale of any product, device, appliance or thing designed or to be used in the oral cavity as a replacement or artificial substitution for the natural part of any human being, commonly or professionally known as a prosthetic device meaning to include any and all such devices whether or not specifically mentioned herein."

The court did not grant defendant any declaratory relief except as is included in the above injunction. The effect of the injunction is to hold there is no area of work for him as a dental technician, except as an employee of a licensed dentist.

The questions presented are, do any of the activities of defendant constitute the practice of dentistry, and to what, if any, declaratory relief is defendant entitled?

The defendant has completed a course in a school for dental laboratory technicians and has been working as such technician for a number of years. During the past five years he has operated a dental laboratory in Council Bluffs under the trade name "Public Dental Laboratory." At the time of trial he operated as "D. Clark, Dental Technician." He manufactures, repairs and relines dentures and sells them to the general public. In the conduct of his business in Council Bluffs he has not worked for dentists, but did prior thereto. He advertises his business in the newspaper, in the yellow or classified pages of the telephone book and on radio. In such he holds himself out as being able to manufacture, repair and reline dentures and partials.

He states his area of work as follows: "* * * We repair broken dentures, reline dentures, or we can make reproductions of older models that aren't very good and we can make partials. That is, not a full plate, but partially a plate and then we can make a set of teeth and that's all. * * *."

In dealing with the public he denies he touches the face or examines the oral cavity of the patient or customer. At least some of his patients signed a "Service Order" on which appears the following: "I removed my denture(s) from my mouth and

I inserted the denture(s) back into my mouth at all times necessary to complete the following work to satisfaction. AT NO TIME did anyone associated with this office touch my mouth."

Defendant describes the taking of an impression in his place of business in the following manner: "* * * I do not take impressions but I can make the denture. I have never taken an impression from anyone. The person who needs this thing takes their own impression with my instructions and then it is done. * * * We use a compound known commercially as Jelltrate which I find to be very good for that purpose. * * * this is mixed up and I place this in a tray and the person is given it. I instruct him how to do this by holding it in the proper position. I inspect it to know whether it's detailed adequately. If it is not, then the same procedure is done again until it is good and I know it. I instruct the person to take it and put it up in back in their mouth and hold it with their tongue. * * *.''

There is more testimony of defendant as to the directions he gives patients or customers in taking impressions to start the process of making the dentures. The testimony set out shows he is in complete charge of the taking of the impression and though he states the patient could take his own impression the foregoing demonstrates in practice what is actually done. Some witnesses testified to the defendant touching them; others that he did not. The evidence is clear as to sales by the method described by him. Defendant contends the dividing line between practicing dentistry and performing laboratory work is in the touching of the patients; as long as this is not done he is not practicing dentistry. The dividing line is not thus to be determined.

█ █ I. It is well established the regulation of the practice of dentistry is within the police power of the State, subject to the limitation the enactment must be reasonable and have some direct, real and substantial relation to the protection of public health and welfare. Craven v. Bierring, 222 Iowa 613, 269 N.W.801; State v. Bailey Dental Co., 211 Iowa 781, 234 N.W. 260; and Semler v. Oregon State Board of Dental Examiners, 294 U. S. 608, 55 S. Ct. 570, 79 L. Ed. 1086. And it is equally well established the State may regulate the work of

dental laboratory technicians. People ex rel. Chicago Dental Society v. A. A. A. Dental Laboratories, 8 Ill.2d 330, 134 N.E.2d 285; Crosbie v. State, Okla. Cr., 330 P.2d 602; State v. Anderson, 54 Wash.2d 156, 338 P.2d 740; Lees v. Oster, 8 Utah 2d 141, 329 P.2d 648; Annotation, 45 A. L. R.2d 1243; and 70 C. J. S., Physicians and Surgeons, section 10e, page 841.

II. The Nineteenth General Assembly in 1882 first provided for the licensing of dentists. The Thirty-fifth General Assembly in 1913 first defined the practice of dentistry. Chapter 218 of the Acts of the Thirty-fifth General Assembly is the forerunner of our present statutes. Our present statutes, Code of Iowa, 1958, are:

"153.1 'Practice of dentistry' defined. For the purpose of this title the following classes of persons shall be deemed to be engaged in the practice of dentistry:

"1. Persons publicly professing to be dentists, dental surgeons, or skilled in the science of dentistry, or publicly professing to assume the duties incident to the practice of dentistry.

"2. Persons who treat, or attempt to correct by any medicine, appliance, or method, any disorder, lesion, injury, deformity, or defect of the oral cavity, teeth, gums, or maxillary bones of the human being, or give prophylactic treatment to any of said organs."

"153.5 Employment of unlicensed dentist. No person owning or conducting any place where dental work of any kind is done or contracted for, shall employ or permit any unlicensed dentist to practice dentistry in said place, but persons who are not licensed dentists may perform laboratory work."

Section 1 of chapter 218, Acts of Thirty-fifth General Assembly, in defining the practice of dentistry, provided in part, "* * * or supply artificial teeth as substitutes for natural teeth," and provides the holding out as a person skilled in the science of dentistry is made prima-facie evidence of practice.

Section 3 of said chapter 218 provided in part, "* * * but nothing in this Act shall be construed to prevent a person not a licensed dentist from doing laboratory work."

Then, as now, there was no provision for licensing, or restriction placed upon the dental laboratory technician, except

that he may not practice any profession unless licensed; the same restriction is, of course, applicable to all. In 1913 the technician did not have the right to practice dentistry and he does not now.

Sections 153.1 and 153.5 first appeared in their present form in the Acts of the Extra Session of the Fortieth General Assembly, H. F. 262, chapter 7. There is nothing in the changes made to indicate a change in the basic intent and purpose of the original enactments. They are simply restated and recodified. See Briefs of Code Commissioners' Bills, 1922, pages 779, 780.

■ III. Laboratory work is simply work performed in a laboratory. See definition in Webster's New International Dictionary, Second Ed., of laboratory both as a noun and as an adjective as used in section 153.5. And as used in said section refers to laboratory work incident to dentistry.

■ IV. It is apparent defendant was within the provisions of section 153.1(1) by his advertising, he publicly professed to assume the duties incident to the practice of dentistry by holding out to the public he could furnish proper fitting dentures. He came within the provisions of section 153.1(2) in directing and instructing the patient in taking an impression of the oral cavity and in the fitting of the denture, he was then attempting to correct by an appliance a defect in an oral cavity. Insofar as the order of the trial court restrained such activities it was proper.

V. We turn to the question of declaratory relief. Defendant in his cross-petition asks that his legal rights and relations as a dental laboratory technician be declared. Plaintiff replies there is no controversy between the parties as to defendant's activities as a technician, that plaintiff's sole concern is with the unlawful practice of dentistry by defendant, and that defendant does not seek to have a statute construed. Though defendant does not cite section 153.5 in his pleadings, it is clear from a reading thereof he is asking for construction of that section and a declaration of his rights thereunder. Plaintiff's denial of a controversy is not sustained by the evidence in view of his position here and in the trial court as well as the decree of the trial court. Plaintiff's position is that the defendant as

584

a dental technician can only do his work under the direction of a dentist, and if we understand his argument fully, only under the direct supervision of a licensed dentist and not in a separate establishment by prescription on behalf of a licensed dentist. Defendant's position on the other hand is he may manufacture various types of dentures and sell them to the general public and in such selling do everything necessary to insure proper fit short of touching the patient or customer.

The mere denial of interest in the case or that a controversy exists will not defeat an action for declaratory judgment. If so the rules providing therefor would be useless at the option of the opposite party.

Rule 262, Rules of Civil Procedure, provides in pertinent part:

"Any person * * * whose rights, status or other legal relations are affected by a statute, * * * may have determined any question of the construction or validity thereof or arising thereunder, and obtain a declaration of rights, status or legal relations thereunder."

Under rule 265 the court may refuse relief where granting the same would not terminate the uncertainty or controversy.

We have repeatedly held the Rules of Civil Procedure relating to declaratory relief are remedial and should be given a reasonably liberal construction. The basic question is whether the facts alleged show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment. In re Estate of Turner, 250 Iowa 795, 96 N.W.2d 481; Wesselink v. State Department of Health, 248 Iowa 639, 80 N.W.2d 484; In re Estate of Pierce, 245 Iowa 22, 60 N.W.2d 894; Katz Investment Co. v. Lynch, 242 Iowa 640, 47 N.W.2d 800; and State v. Central States Electric Co., 238 Iowa 801, 28 N.W.2d 457. We have pointed out both in Wesselink v. State Department of Health and State v. Central States Electric Co., supra, the action arose because of the construction placed on the facts by one party and the conclusion of law which such party reached. Such party has a right to test and try that conclusion by court procedure.

■ The positions taken by the parties, as well as the decree of the trial court, demonstrate the need for determination is both immediate and real. The only work allowed to him in his calling as a dental technician by the following portion of the order, "* * * enjoined either by himself or agents, in his own name or otherwise from operating a dental laboratory or in any manner engaging in the manufacture, * * * of any product, * * *" is in the employ of a licensed dentist.

Section 153.1, defining dentistry, and section 153.5, permitting persons not licensed dentists to perform laboratory work, direct a contrary result. There are no other provisions of law in Iowa regulating the sphere of activity of a laboratory worker. Section 153.1 in no way controls or attempts to control the manufacture of dentures or appliances nor the sale thereof except as they are dispensed to correct a defect of the oral cavity. This must be done by the dentist. Likewise there is no restriction on repair of dentures or appliances, repair that does not constitute refitting or the taking of an impression, in other words, does not constitute an attempt to correct a defect of the oral cavity. A person not a licensed dentist may perform such repair.

Section 153.5 prohibits a person conducting a place where dental work is done from employing or permitting an unlicensed dentist to practice in said place, and provides further, "* * * but persons who are not licensed dentists may perform laboratory work." We do not see anything in the use of the words in this section requiring laboratory work to be performed in a dentist's office. "Dental work" as there used refers to the practice of dentistry not laboratory work. This conclusion is inescapable when compared with the prior Act, section 3, chapter 218 of the Acts of the Thirty-fifth General Assembly (section 1393, Compiled Code of 1919):

"It shall be unlawful for any person owning, or conducting a dental office where dental work of any kind is done, or contracted for, to employ, retain, or permit any unlicensed dentist to practice dentistry in such dental office, contrary to the provisions of this act, but nothing in this act shall be construed to prevent a person not a licensed dentist from doing laboratory work."

In making the change to the present form the explanatory notes in the Briefs of Code Commissioners' Bills, 1922, page 780, state, "condensed to eliminate verbiage."

We have not been cited to, nor have we found, an authority restricting the activity of the dental laboratory technicians as does the decree of the trial court.

The evidence shows use of the services and products of dental technicians and dental laboratories by licensed dentists is general in Iowa upon prescription.

It follows plaintiff is entitled to a decree enjoining the defendant from in any manner selling or dispensing dentures or dental appliances of any kind or type to the general public or any member thereof, except a licensed dentist, for the purpose of correcting or attempting to correct a defect in the oral cavity of any person and from repairing or relining such appliances directly for any person, other than a licensed dentist, under conditions requiring the fitting of such repaired appliance to any degree; and further enjoining defendant from in any manner publicly professing or holding out to the public he is able to or does, in any manner, perform any duties incident to the practice of dentistry.

And defendant is entitled to a decree declaring his right to manufacture, repair, reline and market dentures or dental appliances of any kind or type, at a place other than a dental office and other than as an employee of a licensed dentist, except the marketing of such appliances shall not be contrary to the provisions enjoining defendant in the foregoing paragraph.

The decree of the trial court is affirmed in part, reversed in part, and remanded for decree in conformity with this opinion. The costs are taxed one half to appellant and one half to appellee.—Affirmed in part, reversed in part, and remanded with directions.

All JUSTICES concur except BLISS and THOMPSON, JJ., who take no part.