DONALD J. CLARK, petitioner, v. DISTRICT COURT in and for Pottawattamie County, HON. BENNETT CULLISON, Judge, respondent.

No. 51047.

(Reported in 125 N.W.2d 264)

DECEMBER 10, 1963.

James P. McGrane, of Des Moines, and H. S. Life, of Oskaloosa. for petitioner.

Evan L. Hultman, Attorney General, Frank D. Bianco, Assistant Attorney General, and Keith E. Stapleton, Special Assistant Attorney General, for respondent.

THORNTON, J.—Petitioner is a laboratory technician. Pursuant to our mandate in State ex rel. Zimmerer v. Clark, 252 Iowa 578, 107 N.W.2d 726; certiorari denied June 12, 1961, Clark v. Zimmerer, 366 U. S. 949, 81 S. Ct. 1903, 6 L. Ed.2d 1242, the trial court in effect enjoined him from practicing dentistry. In short the decree enjoined petitioner from making or repairing dentures, either full or partial, and selling the same directly to the patient or person who intended to wear or use such appliance. After the entry of the decree, on application supported by an affidavit showing contempt, a rule to show cause why he should not be punished for contempt for violating the decree was served on petitioner. After a hearing he was found guilty of contempt on seven separate occasions and fined $500 for each contempt, a total of $3500.

I. Petitioner contends the decree enjoining him is void because it contravenes the due process and equal protection clauses of the Federal Constitution and because the legislature has not defined the practice of dentistry or restricted his rights as a laboratory technician. Of course he cannot be punished for violation of a void decree. Harvey v. Prall, 250 Iowa 1111, 1115, 97 N.W.2d 306.

The contention relating to the definition of the "practice of dentistry" is fully answered by State ex rel. Zimmerer v. Clark, 252 Iowa 578, 107 N.W.2d 726, and section 153.1, Code of Iowa, 1962. In this connection petitioner contends because section 153.5, Code of Iowa, 1962, provides, "* * * but persons who are not licensed dentists may perform laboratory work", that he should be allowed to sell or market any appliance he

makes as he chooses. He argues the legislature has not restricted the sale of his product. In this he is mistaken. Section 153.1, paragraph 2, in part provides, "Persons who treat, or attempt to correct by any * * * appliance * * * any * * * deformity, or defect of the oral cavity, * * *" are engaged in the practice of dentistry. This is exactly what petitioner is doing when he sells a denture to the wearer, or repairs or relines one for a wearer of such appliance. Such sales are restricted, they may be made only by licensed dentists. State ex rel. Zimmerer v. Clark, supra.

Petitioner argues because he is denied the right to make such sales he is denied the protection of the due process and equal protection clauses. In support of this he cites Meyer v. Nebraska, 262 U. S. 390, 43 S. Ct. 625, 67 L. Ed. 1042, dealing with a statute prohibiting the teaching of a foreign language to children under a certain age; Allgeyer v. Louisiana, 165 U. S. 578, 17 S. Ct. 427, 41 L. Ed. 832, dealing with a statute prohibiting certain dealings with a foreign insurance company that had not complied with state law; New State Ice Co. v. Liebmann, 285 U. S. 262, 52 S. Ct. 371, 76 L. Ed. 747, dealing with a statute prohibiting the making of ice; and Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 31 L. Ed. 205, dealing with an intoxicating liquor statute. In these cases arguments similar to petitioner's were considered. We think these authorities support the view that matters within the police power relating to public health, as the practice of dentistry, may be regulated by the legislature. And that one who does not meet the statutory standards may constitutionally be restricted from such practice. To limit the practice of dentistry to those qualified is not class legislation or discriminatory. Every unqualified person is so restricted. Nor is petitioner denied any constitutionally protected liberty. Doyle v. Kahl, 242 Iowa 153, 159, 46 N.W.2d 52; State v. Harrington, 229 Iowa 1092, 1096, 296 N.W. 221; State ex rel. Zimmerer v. Clark, supra, at pages 581, 582 of 252 Iowa, page 728 of 107 N.W.2d; and 16 C. J. S., Constitutional Law, section 224, page 1184.

II. Petitioner contends he is entitled to a jury trial on the question of contempt. He bases this on the Sixth Amend-

ment and Article III, section 2, of the Federal Constitution. Each provides an accused in a criminal case is entitled to a jury trial. This point has been decided against petitioner by the Supreme Court of the United States. Green v. United States, 356 U. S. 165, 183, 78 S. Ct. 632, 643, 2 L. Ed.2d 672, 688, see footnote 14.

He also contends he is entitled to a jury trial because of Article I, section 9, "The right of trial by jury shall remain inviolate; * * *", and Article I, section 10, "In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury; * * *", of our Iowa Constitution. Here again the issue has for years been decided contrary to petitioner's contention. In Jones v. Mould, 151 Iowa 599, 605, 132 N.W. 45, 48, we said:

"The power to proceed summarily, without formal indictment and without the intervention of a jury, to hear charges of contempt of court, and to assess punishment upon those found guilty, has been an attribute of all courts of record in every stage of the development of our system of procedure. Without it, the exercise of judicial authority would often be reduced to the merest farce."

In Koenck v. Cooney, 244 Iowa 153, 156, 55 N.W.2d 269, 270, we said, "It is asserted that his constitutional rights to a trial by jury have been violated. This court has repeatedly held otherwise."

In Ex parte Grace, 12 Iowa 208, 214, 215, 79 Am. Dec. 529 (1861), after pointing out that section 10 of the Constitution of 1857 contained, "and in cases involving the life or liberty of an individual", a provision not in the Constitution of 1846, we said of this addition to section 10:

"We have no thought that it was the intention of the constitution to take from courts the power to punish for contempt, without giving to the party charged a jury trial. Or at least, notwithstanding the broad and sweeping language used, we will not believe, without an array of authorities and weight of argument not yet brought to our attention, that it was designed to thus virtually take from every court a power so essential to its

efficiency and very existence, and no less necessary for the safety and benefit of the public; the protection of every citizen in his life, liberty and property. It is a preservative power, inherent in every court, and is to be exercised by the tribunal itself, and not by another for it. And this power extends to the enforcement of every order, which the court may in the legitimate exercise of its authority, make."

III. Petitioner further contends five of the convictions were not supported by the evidence, the fines were excessive and his acts constituted a continuing offense. To properly evaluate these contentions we will set out a portion of the injunction restraining him, as follows:

"The restraint herein imposed shall * * * include the design, manufacture, fabrication, duplication, alteration, sale, marketing, rebuilding, relining or repair of any device, appliance or thing the nature of which requires or normally contemplates, the shaping, adjustment or fitting of such device, or the repaired part thereof, to the structure of the oral cavity of any individual person and shall include the furnishing, sale, loan or marketing of any device or material to be used, or the use of which, by any person is intended or contemplated for the purpose of providing the defendant, his servants or agents with a matrix of the shape, form or structure of any part of the oral cavity of any person, from or by the use of which any prosthetic device can be constructed, manufactured, fabricated, created, duplicated, altered, adjusted or repaired in a shape, size or fit for use by such person in the oral cavity and aiding, advising or directing any patron, customer or other person in doing or performing any of said acts."

From the foregoing it is clear petitioner was specifically enjoined from making a denture for a particular person on such person's own request, and he was enjoined from repairing or relining a denture for a particular person on request of that person.

Each time petitioner so sold or repaired a denture he violated the injunction. Each such act would support a separate conviction for contempt.

The above order did not in general terms restrain petitioner

from practicing dentistry. From the evidence in State ex rel. Zimmerer v. Clark, 252 Iowa 578, 107 N.W.2d 726, petitioner had not been engaged in the practice of dentistry generally. He was then doing the same identical acts for which he is being punished here. He was making, repairing and relining dentures directly for the general public. Each of these acts was prohibited. Each transaction here is separate and apart from the others.

In a sense this is a continuing offense because a continuous course of contemptuous conduct is shown and it is a fair inference from the record petitioner kept his place of business open for the purpose of making a prohibited sale or repair whenever the opportunity presented itself. The trial court did not punish him for this but for the separate contemptuous acts and transactions shown in the evidence. Based on authority and reason we hold petitioner could properly be punished for each of several separate contempts proved by the evidence at a hearing on a single rule to show cause. Donovan v. Superior Court, 39 Cal.2d 848, 250 P.2d 246, 250, and citations; Application of Stafford, 160 Cal. App.2d 110, 324 P.2d 967, 969; Annotation, 160 A. L. R. 1104; and 17 C. J. S., Contempt, section 100, page 285.

We do not review the evidence to sustain a contempt judgment de novo but to determine whether the finding of contempt is sustained by clear, satisfactory and convincing evidence. Critelli v. Tidrick, 244 Iowa 462, 472, 56 N.W.2d 159; and Battani v. Grund, 244 Iowa 623, 631, 56 N.W.2d 166.

The evidence shows each of the following witnesses, Mrs. Dow, Mrs. Murphy, Messrs. Mickelson, Jurschak, Wilson, Bock and McLean, all called at petitioner's place of business after the injunction was issued and purchased from him personally dentures, either full or partial, and in the case of Mrs. Murphy dentures were relined; that the fitting of the dentures and taking of impressions incident thereto were under the direction and control of the petitioner. In each instance the appliance was for the personal use of the witness and was made and fitted to fit the oral cavity of each witness to correct a defect therein. None of

these persons were sent or directed to petitioner by a licensed dentist and all paid him for his services.

Petitioner offered no evidence and did not explain his conduct in writing. Section 665.7, Code of Iowa, 1962.

The evidence amply supports the court's finding and judgment and is clear, satisfactory and convincing.

██ ██ Petitioner's contention the sentence imposed was excessive is based largely on the theory the acts of petitioner constituted a continuing contempt. As he was not punished for such but for each separate act it follows the sentence of $500 for each of seven separate contempts is in no sense excessive. Section 665.4, Code of Iowa, 1962, provides the district court may punish by a fine not exceeding $500 or by imprisonment in the county jail not exceeding six months or by both such fine and imprisonment. The sentence is less than the maximum. No authority is cited that such is excessive. We will interfere only when there is an abuse of the large discretion vested in the trial court. No abuse appears here.

The record discloses seven willful contempts. No excuse was offered. Petitioner was well aware of the extent of the restraint. The sentence imposed was well within the discretion of the trial court. Battani v. Grund, 244 Iowa 623, 631, 632, 56 N.W.2d 166, and citations; and Donovan v. Superior Court, 39 Cal.2d 848, 250 P.2d 246, 250.—Writ annulled.

GARFIELD, C. J., and LARSON, PETERSON, SNELL, MOORE and STUART, JJ., concur.

THOMPSON, J., takes no part.