GEORGE SARICH, d/b/a DAVENPORT DENTAL LABORATORY, petitioner, v. DISTRICT COURT in and for SCOTT COUNTY, and HON. CLAY LEGRAND, Judge, respondents.

No. 51122.

(Reported in 127 N.W.2d 618)

APRIL 8, 1964.

James P. McGrane, of Des Moines, and H. S. Life, of Oskaloosa, for petitioner.

Evan L. Hultman, Attorney General, and Keith E. Stapleton, Special Assistant Attorney General, for respondents.

LARSON, J.—Pursuant to a citation requiring the petitioner herein, George Sarich, d/b/a Davenport Dental Laboratory, to show cause why he should not be punished for contempt, a hearing was had before the respondent-court on February 21, 1963. On the 10th of May, 1963, it rendered the following findings and order:

"* * * The State appeared by Keith E. Stapleton, Special Assistant Attorney General. The defendant appeared in person and by his attorneys, H. S. Life and James P. McGrane.

"This is a citation requiring the defendant to show cause why he should not be punished for contempt for his alleged violation of a decree entered by this Court on September 3, 1957, permanently enjoining him from holding himself out as a dentist and from practicing dentistry as defined in section 153.1 of the Code of Iowa.

"Three witnesses were produced by the State to show contemptuous conduct on the part of the defendant. The defendant did not testify nor did he call any witnesses on his own behalf. Counsel argued orally and also submitted written briefs and arguments.

"The Court now finds that the defendant, George Sarich, is guilty of violating the permanent injunction previously referred to and is guilty of contempt of this Court, and the Court finds further that he should be punished accordingly.

"* * *

"The Court finds, however, that the testimony of both of the * * * witnesses, Mrs. C. D. Robinson and Albert Marolf, shows conduct on the part of the defendant which constitutes

the practice of dentistry as defined in section 153.1 of the Code of Iowa and as interpreted by our Supreme Court in the recent case of State vs. Clark, 107 Northwestern 2nd, page 726.

"The defendant in this case has been twice before found guilty of contempt in violating the terms of the injunction dated September 3, 1957. The Court has not taken this previous conduct into consideration at all in determining the effect of the defendant's conduct as shown at this hearing. * * *

"The defendant was first found guilty of contempt by an Order of this Court dated October 31, 1957. At that time he was fined three hundred dollars. He was again found guilty of contempt by an Order dated September 16, 1960, at which time he was again fined three hundred dollars and sentenced to a term of sixty days in the Scott County, Iowa, jail, which sentence was suspended.

"Now the defendant has again violated the terms of the Writ. The Court is forced to the conclusion that the defendant does not intend to obey the Writ and that his repeated violations are conclusive proof of that fact. Neither a fine nor a fine coupled with a suspended jail term has proven effective punishment. Because of defendant's willful violation of the previous Orders of this Court, this matter resolves itself into a question of whether this court is powerless to enforce its decrees. The defendant seems to feel that it is. The Court therefore feels that the maximum punishment provided by the statute must be imposed at this time.

"Rule 330 of the Rules of Civil Procedure of the State of Iowa provides that violation of any provision of the permanent injunction shall constitute contempt and shall be punished accordingly. Section 665.4 of the Code of Iowa sets out the punishment to be meted out in cases of contempt. The maximum punishment for contempt of a District Court injunction is a fine of five hundred dollars and imprisonment in the county jail for six months. * * * But how long must this Court permit the defendant to openly and willfully refuse obedience before it should impose punishment with some real deterrent effect? The Court feels that the time to do so has now arrived.

"In view of these circumstances, the Court hereby revokes

the parole granted to the defendant by the Order of September 16, 1960, and directs the defendant to serve the sentence of sixty days in the Scott County, Iowa, jail, as provided therein for a violation of the terms of said suspended sentence.

"As punishment for the contempt now before the Court, the Court further orders that the defendant pay a fine of $500.00 and that he serve a term of six months in the Scott County, Iowa, jail, as provided in section 665.4 of the Code of Iowa.

"IT IS FURTHER ORDERED, however, that the jail term of six months be suspended upon the condition that the defendant hereafter fully comply with the terms of the decree entered in this Court on September 3, 1957. Upon his failure to do so this Court may revoke said suspended sentence without further hearing or notice."

In the matter before us petitioner contends the decree rendered on September 3, 1957, on application of the State of Iowa ex rel. Dr. Edmund G. Zimmerer v. George Sarich, in the Scott County District Court, was void as being in violation of the terms and provisions of section 153.5 of the Code and of certain sections of the Iowa and Federal Constitutions; that if he was guilty of contempt he would be guilty of only one contempt and be subject to one penalty only; that any of his acts relied upon to show a violation of the court's September 3, 1957, order were within the rights reserved to him under our decision in State ex rel. Zimmerer v. Clark, 252 Iowa 578, 107 N.W.2d 726, and that the district court "acted in excess of its jurisdiction and in violation of law in rendering, issuing and recording its Order dated May 10, 1936", the same being arbitrary, unjust and unreasonable.

Pursuant to a hearing on his petition for a writ held before the Chief Justice of this court on June 5, 1963, a writ of certiorari issued which required a return to be filed on or before July 10, 1963. While plaintiff was given the privilege of filing a printed record of testimony taken at the hearing of February 21, 1963, on or before August 9, 1963, he did not do so, nor has either party filed any brief or argument herein. The matter was not orally argued, so that all we have before us in this review is the return of the respondents.

■ I. Apparently the reason for petitioner's failure to prosecute this matter is that all contentions raised herein were discussed and decided December 10, 1963, in a similar if not a companion case of Clark v. District Court, 255 Iowa 1005, 125 N.W.2d 264. There, as here, a laboratory technician contended his acts of building or repairing dentures or partial plates for members of the public did not violate the provisions of section 153.5 of the Code, and did not constitute the practice of dentistry for which a license is required. We decided otherwise and upheld a district court order which punished petitioner for each proven instance where petitioner, in disregard of a permanent injunction, repaired, relined or furnished a denture for *members of the general public*. We said, "Each transaction here is separate and apart from the others", and each was punishable as a contempt. Clark v. District Court, loc. cit. page 1011 of 255 Iowa, page 268 of 125 N.W.2d, and citations. A further discussion of these issues is unnecessary here, and it would serve no useful purpose to again discuss those propositions or review the authorities considered in the former opinion. Reference to that opinion will suffice.

■■ II. We, of course, do not review the evidence to sustain a contempt judgment anew, but only to satisfy ourselves the finding is sustained by clear, satisfactory and convincing evidence. Critelli v. Tidrick, 244 Iowa 462, 472, 56 N.W.2d 159; Battani v. Grund, 244 Iowa 623, 631, 56 N.W.2d 166. There being no record submitted here, it must be assumed that the statements and findings of the district court in the order of May 10, 1963, are correct and were based upon clear and convincing evidence.

This is especially true since the same counsel acted for each of the respective parties involved herein that appeared in the Clark v. District Court case, supra. It seems a fair conclusion that the practices followed by the petitioner in each case were not in issue, only the legal effect thereof.

■■ III. Finally we are satisfied that under the revealed circumstances, the third citation and two previous contempt judgments against petitioner, the punishment of a $500 fine and confinement in the Scott County jail for a term of six months

was not excessive. This is especially so since the jail term was suspended upon the condition that petitioner comply with the terms of the injunction rendered September 3, 1957. In such matters it is well settled we may only interfere with the broad discretion vested in the trial court when an abuse of that discretion is evident. Clark v. District Court, supra, and citations. None appears here.—Writ annulled.

All JUSTICES concur except THOMPSON, J., who takes no part.